PACKARD v. KING.

1. The jurisdiction of courts of equity in matters of partition is undoubted, and the statute (R. S., p. 493, § 15) provides for its exercise according to the usual practice of such courts.　It is not necessary, therefore, that the bill should be under oath; verification being required only in proceedings under the statute.

2. In matters of partition, a court of equity will not only decree the division of the estate, but will adjudicate other rights and equities growing immediately out of the common tenancy, and adjust its decree to the full exigency of the case.

3. When there is no equity of redemption from sales under a decree, the time in which payment is to be made should be controlled in a degree by the amount to be paid, and the decree should not limit the time to less than ninety days, the life-time of an execution at law.

*Appeal from District Court of Jefferson County.*

THE bill, which was filed in this suit on the 9th day of November, 1872, alleges that Vevy Ann King, the appellee and complainant in the court below, in the month of January, 1870, jointly with George F. Packard, the appellant, purchased and received a conveyance of Clemency M. Mc-Ilvoy and Dennis D. McIlvoy, certain lands situate in Jefferson county, Colorado. That they were to pay $5,000 for the land, and that at the time of the purchase the complainant paid $2,500, and that the complainant and Packard on the day following executed and delivered to McIlvoy a mortgage on the land purchased, to secure the balance of the purchase-money with interest, which was to be paid by January 1st, 1871. That on or about the 1st day of February, 1871, complainant paid to McIlvoy on the mortgage, the sum of $750, making in all the sum of $3,250; that Packard had not paid any part of the purchase-money, and that there remained due to McIlvoy, including interest, about $3,000 ; that the interest of complainant in the estate was liable for this balance of the purchase-money, together with interest due thereon; that since the purchase, Packard had enjoyed the use and occupation and rents and profits in a much larger degree than the complainant; and that upon an accounting, Packard would be found to be indebted to complainant in the sum of $1,000 as her share of the rents and profits, etc. The bill prays for an accounting as to the amounts stated to be due the complainant and to McIlvoy; and for partition of the premises, and that in default of payment by Packard of the amount that should be found due, that his interest

be sold. After answer the cause was referred to the master to take proof. At the final hearing, a decree of partition was entered and also that Packard pay to the complainant, within sixty days from the adjournment of the court, the sum of $1,103 $\frac{12}{100}$ with interest and certain costs, and in default, that the master should proceed to sell as at sheriff's sale on execution, the portion of land set apart to Packard and out of the proceeds to pay costs, the amount decreed to be paid complainant, rendering the surplus to Packard, and execute a conveyance to the purchaser, etc. From this decree Packard appealed to this court-

Messrs. BROWNE & PUTNAM, for appellant.

Mr. JOHN W. BLACKBURN, for appellee.

ELBERT, J. This was a bill in chancery filed by the appellee against the appellant, for the partition of a common estate, and other relief in respect of matters growing out of the common tenancy. The jurisdiction of courts of equity in matters of partition is undoubted, and section 15 of the Partition Act, R. S. 493, expressly provides for its exercise according to the usual practice of such courts.

It was not, therefore, necessary, as is claimed by the appellant, that the bill should be under oath. Section 2 of said act, requiring the petition to be verified, is applicable only to proceedings under the statute.

The bill, we think, sufficiently sets forth the interest of the complainant in the property sought to the partitioned. It alleges the joint purchase of the estate by the complainant and the defendant Packard, and a conveyance to them, and under these allegations, the complainant, had not defendants' answer rendered it unnecessary, could have introduced the usual evidences of title. It is claimed, however, that the bill prays for relief in respect to matters cognizable only in a court of law. It is a maxim of equity jurisprudence that "where a court of equity has jurisdiction of a

cause for any purpose it will retain it generally until complete justice is done." Story's Eq. Jur., §§ 74–76, and cases cited. In matters of partition it will not only decree the division of the estate, but will adjudicate other rights and equities of the parties growing immediately out of the common tenancy, and adjust its decree to the full exigency of the case. If rents or profits have been enjoyed by one tenant in excess or exclusion of the co-tenant, it will direct an account, and decree payment. Story's Eq. Jur., § 655 ; *Lorimer* v. *Lorimer*, 5 Mad. 363 ; *Dennis* v. *Mahoney*, 65 Ill. 406. If one tenant has made valuable improvements on the common estate, they will be set apart to him or contribution will be decreed. Story's Eq. Jur., *supra ; Lonvalle* v. *Menard*, 1 Gill, 40 ; *Dean* v. *O'Meara*, 47 Ill. 120 ; *Kurtz* v. *Hebner*, 55 id. 520. So also if one tenant has paid an incumbrance upon the estate. *Titsworth* v. *Stout*, 49 Ill. 80. In the case *Warfield* v. *Banks et al.*, 11 Gill & J. 98, one of the defendants had made advances in excess of his proportion of the purchase-money, and the amount was decreed him.

In the case at bar the complainant paid her half of the purchase-money at the date of the purchase. The other half, which the defendant Packard was to pay, was secured on the common estate, by the joint note and mortgage of the complainant and defendant.

Subsequently the complainant made a payment on the note and mortgage of $750, and whether it be considered as a part payment of an incumbrance or as a payment in excess of her proportion of the purchase-money, or both, it is equally within the principle of the cases cited.

Whatever may have been the complainant's remedy at law respecting this advance, the court having jurisdiction of the partition was authorized to do complete justice between the parties by decreeing the payment of this advance, and in default thereof, sale of the lands partitioned to the defendant to satisfy the same.

Nor can the objection that this relief was not specifically prayed for prevail. The advance was alleged in the bill,

an account was prayed, and having been taken, the amount found due was properly decreed under the prayer for general relief. Story's Eq. Jur., § 40, 41, 42.

The objection that there was no redemption allowed by the decree, we would be disposed to consider favorably, if there was any thing in the law to support it. Why there should not be a right of redemption provided in the case of sales under a decree, as in the case of sales under a judgment, it is difficult to see; but our statute provides for redemption only where real estate is sold under a decree of foreclosure. In other cases the right does not exist. *Farnsworth* v. *Strosser*, 12 Ill. 482; *West* v. *Fleming*, 18 id. 248.

It has been held that where there is no equity of redemption, that the time in which payment is to be made should be controlled in a degree by the amount to be paid, and that in no case should the time limited by the decree be less than ninety days, the life-time of an execution at law. *Kinsey* v. *Thomas*, 28 Ill. 502; *Lush* v. *Architectural, etc.*, 24 id. 553. This rule follows the analogies of the law, and we think it demanded by plain consideration of equity and justice. We will, therefore, direct the modification of the decree in this particular.

Subsequent to the decree there appears an entry, in some respects resembling a judgment at law, for the amount before decreed the complainant. This entry is irregular and will be vacated.

Subject to the foregoing modifications, the decree of the court below is affirmed. The appellant will be allowed costs in this court.

*Affirmed.*