NEVIN ET AL. v. LULU & WHITE SILVER MIN. CO.

1. Plaintiff had brought suit for an injunction to restrain defendants from working certain mines which plaintiff then claimed to own absolutely under a certain conveyance. This action was dismissed with plaintiff's consent. *Held*, that he was not estopped from bringing a suit under the same conveyance as a mortgage, claiming payment thereunder, and, in default of payment, foreclosure and sale.

2. In a suit in equity the relief demanded does not limit the plaintiff in respect to the remedy which he may have. The court will disregard the prayer, and rely upon the facts alleged and proved as the basis of its remedial action.

3. This court cannot review the findings of the court below upon which a decree is based, unless the bill of exceptions brings up the evidence upon which the findings are to be reviewed; and when this is not done, this court will assume that the evidence given was sufficient to justify the decree.

4. Under the code, a mortgage cannot be foreclosed without a sale of the mortgaged premises under a decree of foreclosure.

*Appeal from District Court, Clear Creek County.*

THE facts are stated in the opinion.

Messrs. MONTGOMERY and WAYBRIGHT, for appellant.

Messrs. T. J. CANTLON and C. C. POST, for appellee.

RISING, C.   On the 14th and 15th days of July, 1880, the defendants Robert W. Nevin, James S. Nevin, Ann B. Ross and Oliver P. Ross conveyed to Isaac Taylor and Charles C. Miles, by warranty deeds, certain mining claims situated in Clear Creek county, Colorado, and procured one Henry Thompson to convey to said Taylor and Miles, by warranty deed, one of said mining claims.

On the 15th day of July, 1880, the following agreement was entered into:

"Article of agreement made and entered into this 15th day of July, A. D. 1880, by and between Isaac Taylor and Charles C. Miles, of Peoria county, Illinois, of the first part, and Robert W. Nevin, James S. Nevin, Oliver P. Ross and Ann B. Ross, of Clear Creek county, Colorado, of the second part, witnesseth, that the said parties of the first part, for and in consideration of the covenants and agreements hereinafter set forth, to be kept and performed by said parties of the second part, agree as follows, to wit: To notify parties of the second part that they, the parties of the first part, will either accept the undivided one-half of certain lode mining

claims situate in the county of Clear Creek, state of Colorado, known as the 'Lulu Lode' and the 'White Extension West Lode,' on Red Elephant mountain, Downieville mining district, or that the said parties of the first part will not accept the undivided one-half of said real estate. Should said parties of the first part agree to accept the undivided one-half of said premises, then, and in that event, the said parties of the first part hereby agree to convey the undivided one-half of said premises to said parties of second part in proportion as follows: To Robert W. Nevin, the undivided one-fourth ($\frac{1}{4}$) of the White extension west lode; to James S. Nevin, the undivided one-fourth ($\frac{1}{4}$) of the White extension west lode; to Robert W. Nevin, the undivided one-sixth (1-6) of the Lulu lode; to James S. Nevin, the undivided one-sixth (1-6) of the Lulu lode; to Oliver P. Ross, the undivided one-twelfth (1-12) of the Lulu lode; to Ann B. Ross, the undivided one-twelfth (1-12) of the Lulu lode. To pay said parties of the second part the sum of eight thousand ($8,000) dollars, to be paid out of the first net proceeds of said parties of the first part's interest in said lodes, the said sum of money to be paid to said parties of the second part as their interest may appear. The notice above mentioned to be given by parties of the first part to said parties of the second part must be given in writing, and must be given within ninety (90) days from the date of this agreement. Should parties of the first part elect not to retain the undivided one-half ($\frac{1}{2}$) of said premises, and notify parties of the second part of such election as aforesaid, then, and in that event, the said parties of the first part hereby agree to convey said premises to the said parties of the second part in such proportions as their interests may appear, upon the payment by said parties of the second part to said parties of the first part of the sum of twelve thousand dollars ($12,000), payable within ninety days from the date of the last-mentioned notice, with interest thereon at the rate of ten per cent. per

annum, interest to accrue from the date of this instrument. The said parties of the second part, for and in consideration of the foregoing covenants and agreements, hereby agree to and with said parties of the first part as follows: To pay, or cause to be paid, to said parties of the first part said sum of twelve thousand ($12,000) dollars within the ninety days last above mentioned, and upon failure so to do within the time specified, time being of the essence of this agreement, then said parties of the second part release, relinquish, waive, sell, quitclaim, and hereby do release, relinquish, waive, sell and quitclaim to said parties of the first part, all right, title, equities, interests or demands of, in and to the above-mentioned premises.

"Witness the hand and seals of the parties hereto this 15th day of July, A. D. 1880.

| "ISAAC TAYLOR. | [SEAL.] |
| "CHARLES C. MILES. | [SEAL.] |
| "ROBERT W. NEVIN. | [SEAL.] |
| "JAMES S. NEVIN." | [SEAL.] |

On the 6th day of October, 1880, Taylor and Miles notified said defendants, in accordance with the terms of said agreement, that they elected not to retain the undivided one-half of said premises, but had elected to take from said defendants the sum of $12,000, with interest, and tendered deeds of conveyance for said claims as provided for in said agreement. Defendants did not then pay, and have not since paid, said sum of $12,000, and interest, or any part thereof. On May 11, 1881, Taylor and Miles conveyed said premises to the plaintiff by quitclaim deed.

Plaintiff in its complaint alleges that the said sum of $12,000 was loaned to said defendants by Taylor and Miles; and that the deeds from defendants and Thompson were given as security for the payment of said sum, with interest at ten per cent. per annum, within ninety days from the date said sum should be demanded by Taylor and Miles; and pray that said deeds may be adjudged

and decreed to be a mortgage, for a foreclosure of the mortgage, and sale of the mortgaged premises, and for judgment against said defendants for any deficiency.

Defendants in their answer deny that Taylor and Miles loaned them $12,000, or any other sum; allege that plaintiff corporation was created for the express purpose of acquiring the said mining claims, and not for the purpose of purchasing or dealing in mortgages, and set up the agreement above set out; and allege that the conveyance to plaintiff by Taylor and Miles was not intended to assign or transfer to plaintiff any claim which Taylor and Miles may have had against defendants for said sum of $12,000, nor any rights or lien which Taylor and Miles may have had for the recovery of payment thereof.

For a second defense, defendants allege that, on June 14, 1881, plaintiff commenced an action against defendants, praying a perpetual injunction against them, restraining them from working the Lulu mine, and based its claim for such injunction upon its rights to possess said claims, under the conveyance thereof by Henry Thompson; that defendants answered the complaint in said action, admitting the conveyance by Thompson and themselves to Taylor and Miles, and alleging that said conveyances were made as a mortgage, to which answer plaintiff replied, denying that said conveyances were made as a mortgage, and alleging that said conveyances were absolute and without condition, verbal or written. Said suit was voluntarily dismissed by the plaintiff August 15, 1881.   Taylor and Miles testified in said case that they did not purchase one-half of said Lulu mining claim, but that they made an absolute purchase of the whole of said claim from Henry Thompson, with an agreement from defendants.

Plaintiff's replication to defendants' answer alleges that the conveyance to it by Taylor and Miles did purport, and was intended to assign, and did assign and transfer to plaintiff, any and all claim said Taylor and

Miles may have had at the time of said transfer against defendants for said sum of $12,000, and interest, as well as any and all right and lien which they had at the time of said transfer for the recovery and payment of said sum and interest; and that plaintiff has the same right and title to said debt, and to the enforcement thereof, that Taylor and Miles had, or could have had, under the conveyances to them by defendants and Thompson.

Trial to the court, and decree June 28, 1883, that plaintiff is entitled to recover of the defendants Robert W. Nevin, James S. Nevin, Oliver P. Ross and Ann B. Ross the sum of $12,000, and interest; that said defendants pay said sum to plaintiff, or its solicitors, on or before nine calendar months from July 25, 1883, with costs of suit; that in default of such payment, the title to the premises rests in plaintiff and its assigns, and the clerk of the court to certify the substance of the decree; and that certificate may be recorded, and the same shall be evidence of the extinguishment of defendants' right and title to the premises; and that said debt of $12,000, and interest, shall from that time be wholly extinguished; that if defendants pay said sum, and interest, before the expiration of nine months, the plaintiff, within thirty days from the date of such payment, to reconvey to said defendants said premises, and appointing a commissioner to make such conveyance, in case of the failure of the plaintiff so to do. Defendants appeal.

The first, second and fourth assignments of error are based upon the ruling of the court in admitting the testimony of the witness Hitchcock in relation to the transfer by Taylor and Miles to the plaintiff of a claimed indebtedness due from defendants; and the third assignment of error is based upon the ruling of the court in permitting the witness Hitchcock to explain what he meant by speaking of Taylor and Miles as trustees in his cross-examination by defendants. It appears from the evidence that the title to the premises described in the deeds from

defendants and Thompson to Taylor and Miles was taken by Taylor and Miles as trustees, in trust, for the parties who, on the 24th day of March, 1881, as incorporators, organized the plaintiff corporation. The quitclaim deed from Taylor and Miles to plaintiff was made in execution of such trust. The real parties in interest in the transaction between defendants and Taylor and Miles were the incorporators of the plaintiff. There was no error in the rulings of the court upon these questions.

The facts set up by defendants for a second defense do not constitute an estoppel. The statements contained in the complaint, relied on as an estoppel, are not statements of matters of fact, but a statement of a legal conclusion drawn from facts. In the case set up the plaintiff and defendants in that suit each drew their conclusions from the same facts, and the plaintiff said the deeds conveyed an absolute title, and defendants then said that the deeds and agreement constituted a mortgage. There is no admission of a fact here to create an estoppel. *Thayer v. Arnold*, 32 Mich. 336, 341.

It is set up in defendants' answer, and urged in appellants' argument, that the plaintiff corporation is not authorized by its articles of incorporation to purchase mortgages. The question does not arise upon the facts of the case. The whole transaction, relating to these mining claims, shows the purpose of entering into it to be the acquirement of mines for the purpose of operating the same by such corporation. The deed from Taylor and Miles to plaintiff was made to effectuate the objects of such organization, and, under the circumstances of this case, there can be no question but that plaintiff was empowered by its articles of incorporation to do just what it did do.

Upon all questions of fact affecting the merits of this case there is no dispute. The deeds from defendants and Thompson to Taylor and Miles and the agreement between defendants and Taylor and Miles must be con-

strued together as one instrument in determining the rights of the parties thereunder. The plaintiff claims that the transaction between Taylor and Miles and the defendants was a loan by Taylor and Miles to defendants of the sum of $12,000, and that defendants made the deed to Taylor and Miles, of the Lulu lode, and the White extension lode, as security for the payment of said loan. We think that the deed and agreement taken together show a loan and mortgage. The plaintiff prayed a foreclosure of this mortgage, by a sale of the mortgaged premises, but the court rendered a decree of strict foreclosure, and upon this point appellants say that the decree should not be sustained, because it is not prayed for, and because there are no facts stated in the complaint which would warrant the court in decreeing a strict foreclosure, and because it is contrary to the established practice and principles of courts of equity to grant decrees of strict foreclosure, unless a clear case therefor be made in the pleadings, and is well established by the proofs. The relief demanded does not limit the plaintiff in respect to the remedy which he may have. The court will disregard the prayer and rely upon the facts alleged and proved, as the basis of its remedial action. Pom. Rem. §§ 71, 83, 580, and cases cited; *Kayser v. Maugham*, 8 Colo. 232.

The facts alleged and proved clearly entitled the plaintiff to a decree of foreclosure and sale. To warrant a decree of strict foreclosure, where the practice permits such a foreclosure, the evidence should show that the interests of both parties require it. The bill of exceptions does not purport to contain all the evidence, and does not contain any evidence upon this question. This court cannot review the findings of the court below, upon which the decree is based, unless the bill of exceptions brings up the evidence upon which the findings are to be reviewed; and when this is not done, this court will assume that the evidence given was suffi-

cient to justify the decree.    The decree in this case was made, and the argument upon the appeal based, upon the assumption that, under proper circumstances, the practice in this state permitted a strict foreclosure of a mortgage.    We do not think a mortgage can be foreclosed without a sale of the mortgaged premises under a decree of foreclosure.    Section 263 of the code of 1883 provides that "a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property, without foreclosure and sale, and the fact of a deed being a mortgage in effect may be proved by oral testimony; but this section shall not apply to trust deeds with power of sale."    The "foreclosure and sale" must be a foreclosure and sale provided for in section 234 of the code.    This is rendered clear by the exception of trust deeds from the requirements of section 263, which leaves no basis for a claim that foreclosure may be by sale without decree.    The judgment should be reversed, and the court below directed to enter a judgment under the provisions of section 234 of the code, and in accord with the views herein expressed.

We concur:  MACON, C.; STALLCUP, C.

PER CURIAM.   For the reasons assigned in the foregoing opinion the judgment of the district court is hereby reversed and the cause remanded, with directions to enter judgment in accordance with the views expressed in said opinion.

*Reversed.*