SCHIFFER v. ADAMS.

1. ADMISSION OF TESTIMONY NOT PREJUDICIAL TO PARTY EXCEPTING.— The admission, on second trial, of evidence concerning matters not discreditable to defendant, but which have been already adjudicated by the supreme court, is not prejudicial to him, where the findings of the trial court on both trials are in conformity with such adjudication.

2. EVIDENCE RELATING TO ORGANIZATION OF INCORPORATIONS.— While the statute provides that a copy of the articles of incorporation, duly certified by the secretary of state, shall be evidence of the existence of a corporation, yet when the existence of the corporation is conceded, it is competent to introduce a copy of the articles of incorporation, certified by the recorder of deeds of a county in whose office they are filed, to prove the date of incorporation.

3. SAME — WHEN DEED EXECUTED AFTER COMMENCEMENT OF SUIT ADMISSIBLE.— Where, in an action based on the fraudulent conversion of property, it is alleged and found that defendant, before the commencement of the suit, had agreed to convey the same to a third person, a deed of the property, executed after the commencement of the suit, is admissible to prove the nature of the agreement, without further pleading.

4. RIGHT OF ACTION FOR MONEY RELEASED UNDER DURESS.— Where plaintiff, under duress of defendant, who was the head of a banking firm, released the bank from payment of a sum of money due him, and the bank afterwards paid over the money to the defendant on plaintiff's void check, obtained at time of said release, the defendant is liable for the money in equity, notwithstanding the plaintiff has a right of action at law against the bank.

5. VENDOR'S LIEN.— Defendant cannot complain of the action of the court in giving plaintiff a vendor's lien for the amount of his claim on the land in the hands of defendant's vendee.

6. SUFFICIENCY OF PLEADINGS TO SUSTAIN JUDGMENT.— A judgment will not be disturbed on the ground that it is not warranted by the pleadings where the cause has been remanded merely to permit the introduction of evidence on the undetermined issues, and the facts established by the evidence entitle the party to the relief granted, which was consistent with the pleadings liberally construed.

*Appeal from District Court of Rio Grande County.*

Messrs. PATTERSON & THOMAS, for appellant.

Mr. HUGH BUTLER, for appellee.

RICHMOND, C. Adams, the appellee, filed his complaint in the court below against Schiffer, Forsch and Stern, praying for an accounting and a reconveyance to him of the Aztec lode and Aztec mill-site, and, in case he should not be entitled to this relief, that the defendants be decreed to pay him certain sums of money which had been retained or allowed to the defendants under certain settlements made between them, which sums of money were so retained and allowed as the result of coercion, intimidation and duress on the part of Schiffer.

In the first trial of this cause the court below dismissed the complaint. Thereupon a writ of error was prose-

cuted to this court. By the decision of this court, as reported in 11 Colo. 15, the cause was remanded for further proceedings. To that opinion reference will be made for a full statement of this case. At the second trial of the cause the court below, keeping in view the decision of this court, rendered judgment for the sum of $3,969.44, and also for the sum of $9,431.66, and "decreed that for the last-mentioned sum plaintiff should have a lien upon the undivided one-half of the Aztec Mining & Milling property until the same shall have been paid."

The first question for consideration on the present appeal is, what remained in the cause for adjudication on the second trial?

The opinion reviews the various settlements made by the complainant and defendant Schiffer of the date of June 15 and November 17, 1881, and of August 1, 1882, with respect to which complainant demanded relief on the ground that they were made under duress of goods. The court said: "It seems to be well settled that where a party has possession or control of the property of another, and refuses to surrender it to the control and use of the owner, except upon compliance with an unlawful demand, a contract made or money paid by the owner, under such circumstances, to emancipate the property, is to be regarded as made under compulsion." In the application of the above principle to the three several and separate transactions the court determined that as to the settlements of June 15, 1881, and November 17, 1881, these could not be regarded as made under duress of goods. In relation to the August settlement the court used the following language: "In the month of April preceding, Adams had been notified by Schiffer that his checks against his deposit at the Rio Grande County Bank would not thereafter be honored" until the matter of Schiffer's claim to certain moneys paid by Schiffer to Adams' son to clear the title to the mining property was settled; that the bank was under the control of Schiffer

and his brother, under the firm name of H. Schiffer & Bro.; that Adams had at the time in this bank on deposit about $8,000. After receiving this notice from defendant, the matter rested until the settlement of August 1, 1882, by which Schiffer received from Adams $2,500, and a release from the obligation to pay Adams the sum of $6,000, which Schiffer had, under certain conditions, agreed to pay by the contract of January 24, 1881. This settlement the court concluded was clearly made under duress of property, and must be held null and void. The opinion concludes as follows: "The views expressed preclude a recovery in respect to the matters embraced in the settlements of 15th of June and the 17th of November. Upon some, if not all, of the remaining issues made by the pleadings, we are of the opinion that both complainant and defendant should have an opportunity to introduce further evidence, if they should be so advised. We do not, therefore, direct a decree, but remand the cause for further proceedings."

The only matters concerning which evidence was not to be taken, which in fact were eliminated from the cause, were the settlements of June 15 and November 17, 1881, and the right to recover against Forsch and Stern.

By reference to the statement in the former case and the pleadings, we find the issues remaining for adjudication at the second trial were: *First*, the intention of Schiffer at the time of making the contract of January 24, 1881, concerning the sale; *second*, whether, since January 24, 1881, the property had reached such a value as to warrant the conclusion that Schiffer could have sold it, or the undivided half of it, for the sum or sums of money mentioned in the contract; *third*, the right to recover for breach of this provision of the contract, as well as the right to recover the amount of money alleged to have been wrongfully withheld from Adams by Schiffer.

It does not appear from the opinion of the court, nor from the briefs and arguments in the cause, but that the

original pleadings were deemed amply sufficient to admit of a full, complete and thorough adjudication of all the issues presented. Upon the trial of these issues the court found that "on August 1, 1882, Herman Schiffer, by duress of plaintiff's property and money, caused plaintiff to give and surrender to said defendant Herman Schiffer the sum of $2,500; that the demand made by the said defendant for the same was wrongful and fraudulent, and that said sum of money was procured and obtained by defendant from plaintiff against the rights, will and consent of plaintiff, and by means of duress of plaintiff's money and property; that defendant Schiffer obtained and procured, wrongfully and fraudulently, against the right, will and consent of plaintiff, release of the contract and agreement between plaintiff and defendant, whereby the latter agreed to pay to the former the sum of $6,000 when the Aztec mine and mill should be sold for the sum of $40,000, or defendant's half thereof for the sum of $20,000." "That after January 24, 1881, and before the bringing of this suit, said property in said bill of complaint mentioned had attained a value greatly in excess of $40,000, and that the undivided half thereof had attained a value greatly in excess of $20,000, and that between said dates said Schiffer could have sold his undivided one-half thereof for a sum in excess of $20,000; and that before the bringing of this suit the said defendant Schiffer converted the said one-half of said property to his own use, and denied the right of plaintiff to any interest therein or thereout, and abandoned all efforts to sell the said undivided one-half of said property for $20,000 or any greater sum, and before the bringing of this suit had agreed to sell and convey said undivided one-half of said property to the Aztec Mining & Milling Company for and in consideration of $500,000 in shares, fully paid up, of the capital stock of said company, which said company was formed and organized by said defendant and others, under the laws of the state

of Colorado, for the purpose of acquiring, owning and working said property." That there is no evidence connecting defendants "Forsch and Stern, or either of them, with this August transaction." "That plaintiff was entitled to recover the $2,500 obtained by plaintiff from defendant on August 1, 1882, with interest thereon, which amounted to $3,969.44, and the sum of $6,000, by virtue of the contract of January 24, 1881, together with interest at the rate of ten per cent. per annum, which amounted to the sum of $9,431.66, and is entitled to a vendor's lien on the undivided one-half of said property for this last-mentioned sum."

Upon these findings and conclusions, a decree, as hereinbefore set forth, was entered, and from which this appeal is prosecuted. Twenty-one errors are assigned by appellant, which have been condensed into five, viz.: *First*, error in admitting testimony concerning facts which had already been decided by the supreme court; *second*, errors committed by the admission of testimony concerning facts pending after the commencement of the original suit, without such facts being made competent by supplemental pleadings; *third*, error in giving judgment for $2,500, together with interest; *fourth*, error in giving judgment for $6,000, with interest; *fifth*, error in making this judgment of $6,000, with interest, a lien on the property of the Aztec Mining & Milling Company.

As to the error assigned in reference to the admission of testimony concerning the 17th of November settlement, it is to be remembered that this settlement was thoroughly considered by this court in its former opinion, with the same result as that reached by the court below in its findings upon this and also upon the former trial. It is apparent that, if the testimony was erroneously admitted,—a point which we do not decide,— the defendant was not prejudiced thereby, and is in no better position to take advantage thereof than if the court had found all the issues for him. "The court will

not consider on appeal an exception to the admission
of evidence, where the issue to which alone such evi-
dence was applicable was found in favor of the party
excepting." *Graves v. Trueblood*, 1 S. E. Rep. 918.
Counsel say, however, allowing the plaintiff to give his
version of the settlement of November 17, 1881, and to
go over his old charge, tended to discredit the defendant
in the eyes of the court. In what way this testimony
tended to discredit the defendant in the eyes of the court
is beyond our fathoming, as nothing therein contained is
of a discrediting character; and besides, upon the former
trial, with the same evidence before it, and the same
court (same judge presiding), the findings were all in
favor of the defendant, and upon the matters concern-
ing which it was offered at this trial the same result
followed.

The second error assigned refers to the introduction of
the copy of the articles of incorporation, and that plaint-
iff was permitted to show that, subsequent to the bring-
ing of this suit, Schiffer had conveyed his one-half inter-
est in the property to the company.

The contention is that the copy of the certificate of
incorporation offered in evidence was certified to by the
clerk and recorder of Rio Grande county, instead of by
the secretary of state, as required by the statute; and
that the deed of Schiffer conveying the property to the
corporation was dated November 24, 1882, subsequent to
the bringing of the suit, and therefore inadmissible. Ad-
mitting that this certificate of incorporation, for the
purpose of proving the incorporation of the company,
was inadmissible, yet the question remains, Was it not
admissible upon other grounds and for other purposes?
The attorney for appellee herein disclaimed that the pur-
pose of the introduction was to prove the incorporation
of the company, but, rather, for the purpose of fixing
the date of the incorporation, which had been left in un-
certainty by Schiffer's testimony. Schiffer himself ad-

mits that the company was incorporated prior to the bringing of the suit; admits its existence, and testifies to the purpose for which it was formed; that the consideration for the conveyance of the property to the company was one-half of the capital stock; admits the receipt of the stock, and gives as the only reason why the deed to the property was not executed and recorded at an earlier date was solely that he had become involved in this suit.

By Schiffer's testimony alone, without the deed and certificate of incorporation, the fact was established that the corporation had existed prior to the bringing of the suit, and that he had received one-half of the stock of the company as a consideration for the conveyance of his interest in the property of the company, by virtue of which he had practically placed it out of his power to at any time perform the conditions of the contract of January 24, 1881, relative to the payment of the $6,000.

True, it is provided by the statute that a copy of the articles of incorporation, duly certified by the secretary of state, shall be evidence of the existence of such company, and, in cases in which strict proof is required, such articles may be the only competent evidence of corporate existence; but this rule does not exclude other means of proving that a body corporate has been organized in all cases. Section 583, General Statutes, page 268, provides that "copies of all papers filed in the office of the recorder of deeds, and transcripts from the books of records kept therein, and certified by him under the seal of his office, shall be *prima facie* evidence in all cases." At least it can be claimed that, under this provision of law, articles of incorporation, when so recorded, may be used in evidence for the purpose of establishing any fact other than that of corporate existence; and, even without this provision of the law, it is held that where the record or document appointed by law is not part of the fact to be proved, but is merely a collateral or subsequent memorial of the fact, it has not this exclusive character, but any other legal

proof is admitted. The date was a secondary fact, and could be proved by collateral circumstances or parol evidence. 1 Greenl. Ev. § 86. The existence of the corporation was covered by the admission of Schiffer, and the certificate could not change the effect of such an admission. *Paulson v. Nunan*, 13 Pac. Rep. 626; *Bradley v. Palen*, 42 N. W. Rep. 623.

After the action had been commenced Schiffer deeded the property to the Aztec Mining & Milling Company. This deed was admitted in evidence against the objection of the defendant. The court did not find, however, that the property had been sold, but found that, prior to the beginning of the suit, Schiffer had converted said one-half of said property to his own use, and denied the right of plaintiff to any interest therein, and had abandoned all efforts to sell, and, before the bringing of the suit, agreed to sell and convey an undivided one-half of said property to the corporation; and we think the deed thereafter made competent evidence tending to explain the nature of the previous agreement.

The third error assigned is in giving judgment against appellant for $2,500, with interest. Appellant claims that this $2,500 was due from the bank. The testimony clearly shows in the first trial that the bank retained the money at the suggestion of Schiffer, the head of the enterprise, but at the settlement (which was declared null and void) Schiffer received the money from the bank upon the request and in obedience to the check of Adams, and under such circumstances it cannot be said that Adams had not the right to follow the money into the hands of Schiffer, who had thus wrongfully obtained possession and control of it. "Whenever one person has in his hands money equitably belonging to another, the law implies a promise to pay it over." "The suggestion that the complainant has an ample remedy by an action against the sureties  *  *  *  is without force. The question is whether the complainant can come into

equity to enforce his claim against the present defendants. If he can, he certainly is not to be turned out of court because he might have sued some other parties and recovered in a court of law. He cannot be compelled to seek a remedy at law against another, in preference to relief in equity against the present defendant." The above is the language of Justice Wallace in the case of *Wallis v. Shelly*, 30 Fed. Rep. 748, and we think states a correct legal proposition.

The fourth error complained of is that the court erred in rendering judgment for $6,000 and interest. It is claimed that this could not be granted, because the evidence and pleadings did not warrant it. This court, in its former decision, practically concluded the pleadings sufficient. They say: "We do not, therefore, direct a decree, but remand the cause for further proceedings." This language clearly implies that the court saw no obstacles in the way of directing a decree, as far as the pleadings were concerned, and only remanded the cause for the purpose of permitting the parties to introduce evidence upon the remaining issues undetermined by the court. Section 80 of the code (Gen. St. 1883) provides as follows: "In the construction of a pleading, for the purpose of determining its effects, its allegations shall be liberally construed with a view to substantial justice between the parties." And this court, in the case of *Marriott v. Clise*, 12 Colo. 561, say: "If the facts stated are such as to address themselves to the equity side of the court, the appropriate relief will be granted by the court sitting as a court of equity. On the other hand, if the facts alleged are purely cognizable in a court of law, the proper relief will be administered in that form of proceeding." This is supported by *White v. Lyons*, 42 Cal. 279. "If the facts put in issue, and established by evidence, entitle the party to any relief in the power of the court to give, although not that demanded, it is the duty of the court to give it, and its power to do so is not con-

ditioned on the form of the prayer." Bliss,' Code Pl. § 162. In *Sternberger v. McGovern*, 56 N. Y. 12, the rule is announced: Where, therefore, the complaint states facts sufficient to constitute a cause of action calling for a specific performance of a contract, also one for damages for breach of the contract, plaintiff is entitled to have both tried, if necessary to obtain his rights; and a failure to show a right to the equitable relief sought does not defeat his right to the legal remedy. See, also, *Cuff v. Dorland*, 55 Barb. 494; *Hemson v. Decker*, 29 How. Pr. 389. A liberal construction of the pleadings in this case, considered in connection with the above authorities, will result in a conclusion that the findings of the court are consistent therewith.

The fifth assignment of error relates to the action of the court in allowing the plaintiff a vendor's lien upon the property purchased of him by the defendant. As between the plaintiff and defendant this was proper. The Aztec Mining & Milling Company are not complaining. 3 Pom. Eq. Jur. § 1249. "It does not lie in the mouth of the appellant to complain of matter  *  *  * not personal to himself." *City of Chicago v. Cameron*, 11 N. E. Rep. 899; *Pollard v. Turner*, 35 N. W. Rep. 192.

This disposes of the assignment of errors; and the findings of the court being, in our judgment, sustained by the evidence, and seeing no error in the proceedings of which appellant can consistently complain, the judgment of the court should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*

MR. JUSTICE HAYT, having presided at the trial below, did not participate in this decision.