[No. 6540.]

ZOBEL v. THE FANNIE RAWLINGS MINING COMPANY ET AL.

1. **Writ of Error—By One of Several—**Where one of several parties impleaded in the court below prosecutes error, only those questions which affect him will be considered.—(137)

2. **Parties—Misjoinder—Waiver by Answer—**Defendant demurs for misjoinder of parties, and his demurrer being overruled, answers.—(137)

The error, if any, is waived.—(137)

3. ——**Plaintiffs—Joinder of—**The owner of a mine and his lessee may unite in an action against one who has trespassed upon the property.—(137)

4. ——**Defendants — Joinder of —** Two or more who have jointly trespassed upon a mine may be joined as defendants to an action for the trespass; and the purchaser of the ores who still retains any part thereof, or of the value thereof, may be joined with them, the prayer demanding that he be adjudged to hold as trustee.—(138-140)

5. **Ratification of a Tort—Effect—**One who receives the proceeds of a trespass committed by another upon the properties

of a third person, and retains it after full knowledge of the wrong, is liable, as if he had authorized or committed the trespass. —(138)

6. **Continuance — Absent Witness — Stipulation to Admit Testimony**—An application for continuance is properly overruled, if the other party stipulates to admit that the witness, if present, would testify to the matters set up in the affidavit.—(139)

Such admission does not preclude evidence to the contrary of what the affidavit attributes to the witness. Even the witness himself may be called for this purpose.—(139)

7. **Equitable Relief**, granted in an action at law.—(141)

*Error to Lake District Court*—Hon. CHARLES CAVENDER, Judge.

Mr. JOSEPH W. CLARKE, Mr. T. E. McINTYRE and Mr. JOHN HORNE CHILES for plaintiff in error.

Mr. JOHN A. EWING for defendants in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiffs in this action are The Fanny Rawlings Mining Company and Thomas D. Kyle, the former the owner and lessor, the latter the lessee of the Fanny Rawlings mining claim. August Zobel and others own the St. Louis mining claim adjoining the Fanny Rawlings. One Ostrom, lessee of the St. Louis lode, and Zobel, so the complaint says, with force and arms wrongfully and unlawfully broke and entered into the Fanny Rawlings claim beneath the surface thereof, and took therefrom ores of the value of $25,000.00, and converted the same to their own use. The ores so taken were sold to The Ohio and Colorado Smelting Company, with which company Zobel and Ostrom are defendants in this action. When the action was begun the Smelting Company still held in its possession the proceeds of the sale of a large quantity of the Fanny Rawlings ores. Ostrom was insolvent and unable to respond in dam-

ages, and, if the Smelting Company paid him any of the proceeds, which it was about to do, plaintiffs would be irreparably damaged, and without any remedy at law. The prayer of the complaint, which stated in substance the foregoing facts, was for a money judgment against Ostrom and Zobel for $25,-000.00 and for a decree of the court adjudging that all the ores taken from the Fanny Rawlings claim and shipped by the defendants Ostrom and Zobel to the Smelting Company, and whatever moneys, as the purchase price of the ores, were still in its possession, be adjudged to be the property of the plaintiffs, and that the Smelting Company be ordered to pay to the plaintiffs such sums of money, from the sale of ores, as are still in its possession, that an accounting be had between the various parties, and that the Smelting Company be enjoined from paying over any of the moneys still in its possession, either to Ostrom or Zobel. There was a prayer for general relief. The Smelting Company, having paid into court all moneys it still held from the proceeds of the ores, was dismissed from the action.

After demurrers of the respective defendants on special and general grounds were overruled, issues of fact were joined under separate pleadings of defendants, and upon these issues special findings of fact by the jury, and additional findings on the equitable issues, by the court, were made, on which, as a basis, a money judgment was rendered against defendants Ostrom and Zobel, aggregating over $12,000, and, *inter alia*, it was decreed that the sum of about $3,000 which Zobel still held in his possession, and under his control, was held as a trustee for plaintiffs, and this amount he was ordered and directed to pay into the registry of the court within ten days from the date of the decree, for their use, and when it was so paid into the registry of the

court, it should be paid to them.   To reverse this decree Zobel sued out this writ of error.

Being a several writ, only such questions as affect the plaintiff in error can be considered upon this review.   Zobel's separate demurrer to the complaint was based upon the ground that there was a misjoinder both of parties plaintiff and defendant. A sufficient answer to this contention is that after the court overruled the demurrer Zobel answered, and thereby waived his right further to object to the alleged misjoinders.   It is clear, however, that there was not a misjoinder of parties plaintiff or defendant.   In a luminous opinion by Hayt, Chief Justice, in *Coal Company v. Coal Company*, 24 Colo. 116, the precise questions raised here are there determined, and it was held in that action—which was a joint one by the owner and the lessee of a coal mine against two or more joint trespassers who were wrongfully removing and extracting coal from the mine in which the plaintiffs were thus interested —there was a proper joinder of parties plaintiff as well as parties defendant.   That is exactly this case, and the ruling of the court below on the demurrer was right.   The case cited is so explicit and full upon these questions that further discussion now is superfluous.

Plaintiff in error complains of the insufficiency of the evidence to justify the decree.   We have examined the evidence with care, and it is enough to say that it abundantly sustains every finding by the court and jury upon every material fact in issue. Not only were the trespasses knowingly and willfully committed, but defendants, including plaintiff in error, obliterated evidence to prevent discovery thereof, by caving in the stopes.

It is further said that plaintiff in error was not liable as a joint trespasser with his co-defendant

Ostrom as to some of the trespasses in question, because, being an owner, while Ostrom was a lessee, he. was not aware at the time the lessee committed the trespass that any wrong to plaintiffs was being done, and that he could be held as a joint trespasser only in case he ratified the same with full knowledge thereof, or occupied towards the one who actually committed the trespass the relation of master, or some similar relation. Much of the brief of plaintiff in error is taken up with this proposition. It is sufficient to say that the court and jury were justified in finding that all of the trespasses, not only those of which the plaintiff in error confessedly was cognizant at the time they were committed, but also those which he did not know of at the time, but of whose perpetration he later had full knowledge, were ratified by him. in knowingly accepting the fruits thereof, and that they were committed for his use and benefit, and he actually received and appropriated their proceeds to his own use. Certainly before this action was begun he knew of all the trespasses involved in the action, and after it was brought and while it was pending he was directly notified of the same, notwithstanding which he persisted in his answer in denying that the trespass had been committed. Until ordered by the court to do so, he persistently refused to recompense plaintiffs, or to turn over to them the proceeds of the wrongs, which he admits were in his possession. If any authority is necessary upon such a plain proposition, the following are in point: *U. S. v. Baxter,* 46 Fed. 350; *Dundas v. Muhlenberg's Executors,* 35 Pa. St. 351; *Donovan v. Consolidated Coal Co.,* 187 Ill. 28; 1 Cooley on Torts (3rd ed.), p. 219.

Zobel filed an affidavit for a continuance, basing it upon the fact that it was material and necessary for him to have the testimony of an absent witness,

Dougan, who, if present at the trial, would give certain specified testimony. The continuance was refused upon the statement by plaintiffs that they would agree that the witness Dougan, if present, would give such testimony. This ruling was right and in accordance with our practice. It is now argued as one of the assignments of error that Dougan, who was present at the trial, was called by plaintiffs as a witness and he gave testimony which, in some particulars, contradicted the matter set out in the affidavit. There was no error in this. The only authority cited by plaintiff in error is *Willis v. People*, 1 Scam. (Ill.) 399. In *Alden, etc., v. Carpenter*, 7 Colo. 87, a contrary rule was announced, and this court said that admitting the testimony of an absent witness in order to avoid a continuance of a cause is not to be taken as an admission of the truth of such testimony, nor does such admission preclude the party making the admission from rebutting the same on the trial.

Complaint is also made of that part of the decree which adjudged that defendant Zobel held certain moneys still in his possession as a trustee for the benefit of the plaintiffs; because, as it is said, this action is based upon a trespass, and it would be incongruous and anomalous for a decree in such action to establish or enforce a trust. It was brought out upon the trial by this defendant's own counsel, in examining him as a witness (although he had testified to the contrary earlier in the progress of the cause), that he still held in his possession about three thousand dollars in money from the proceeds of the ore from the Fanny Rawlings mine, which had been sold to the Smelting Company and thereafter paid to him. He testified that he made no claim thereto as his own, but that he held it for the use and benefit either of his co-

owners or of his lessee, or for the plaintiffs, as the final decree might determine to whom it belonged. The court, having rightfully decreed that the moneys in equity belonged to plaintiffs, unquestionably was right in directing that Zobel held it in trust for them. The court also, as part of its decree, ordered Zobel, since he admitted that he still had money in his possession, ready to dispose of it as the court might direct, to pay it into the registry of the court within ten days, for the use and benefit of the plaintiffs, and that when so paid, it should be turned over to them. The court unquestionably in this action had the jurisdiction to make both of these orders. The parties were before it, and to a complete and full determination of the controversy the decree in this respect was altogether appropriate and quite within the issues and the court's jurisdiction. Among other authorities that might be cited are *Lipscomb v. Nichols,* 6 Colo. 290; *Shiffer v. Adams,* 13 Colo. 572; 1 Black on Judgments, § 141; Bliss on Code Pleadings, § 167; *Angle v. C., St. P. M. & O. Co.,* 151 U. S. 1; Beach on Trusts and Trustees, § 229; Fonblanque Equity, c. 1, § 1; *Newton v. Porter,* 69 N. Y. 133; *National Mahaiwe Bank v. Barry,* 125 Mass. 20. Under our code it is too plain for argument that the court may award both legal and equitable relief whenever justice demands it and the issues warrant it.

Plaintiff in error says that in one count or statement of the complaint are set forth two separate and distinct series of trespasses, each one of which constitutes a separate and distinct cause of action, and that, contrary to the provisions of the code, they are commingled in one statement. If that be true, the remedy under our code was a motion compelling plaintiffs to separate the different causes of action and put each in a separate state-

ment or count in the complaint.    Defendant not
having made such motion is precluded from raising
the objection here.

At great length plaintiff in error argues that
this is an action at law and not a suit in equity,
one object being thereby to disclose error by the
trial court in not submitting the questions of fact
to the jury for a general verdict.    It would serve
no useful purpose to follow counsel in this argu-
ment.    In so far as the cause of action concerns this
plaintiff in error, the issues as to the trespass and
the value of ores are legal and the recovery sought
is a money judgment.    But there are also equitable
issues in the action as stated by the complaint.    The
relief asked against the Smelting Company is equit-
able, and equitable relief was also sought against
Zobel and Ostrom to the extent that they, or either
of them, still had in possession any of the proceeds
of the ores which belonged in equity to plaintiffs.
The accounting, evidence responsive to which forms
a considerable part of the record in this case, was
equitable.    The court, having obtained jurisdiction
of a cause, administers both equitable and legal re-
lief in order to effect complete determination of the
controversy and to settle the respective rights and
liabilities of all the parties.

But if the action was solely a legal action and
there were no equitable issues present—and for our
present purpose we might safely admit that all of
the issues are legal—the record clearly and specific-
ally recites that, after all the evidence was in and
the parties had rested, the court remarked that he
thought the case was one which should be submitted
to the jury for special findings; and thereupon the
parties, by their counsel, assented to the same in
open court.    The record further recites that the
parties, by their respective counsel, then and there

agreed that the jury which was already impaneled and sworn and had heard all the evidence should make findings of fact upon questions to be submitted to the court by the respective parties, such findings of the jury to be advisory to the court in determining the issues of the cause. In pursuance of this agreement, the parties, both plaintiffs and defendants, prepared and submitted to the court certain special interrogatories which were then submitted to, and answered by, the jury. These special findings of the jury were approved by the court, and such other findings as the court deemed necessary to be made within the issues and appropriate, were made by the court, and, upon such findings, so made and approved, the decree of the court was based. Certainly no error was committed by the court in this respect.

After a careful consideration of the record we perceive no prejudicial error therein. The case was fairly tried and well presented. The evidence is explicit and full and abundantly sufficient to sustain every one of the findings in favor of plaintiffs made by the court and the jury. The judgment and decree is therefore affirmed.                    *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.