No. 12,105.

POPE *v.* PARKER.

Decided November 5, 1928.

Messrs. Rolfson & Hendricks, for plaintiff in error.

Mr. H. N. Marshall, for defendant in error.

*Department Two.*

Mr. Chief Justice Denison delivered the opinion of the court.

Pope was defeated on the trial to the court of an action to quiet title, brought by him against Parker, and brings error.

The essential facts are that August 3, 1923, Pope made a contract with one Pelz to sell certain land to him. The contract provided for cultivation by Pelz and he agreed to pay the price to Pope in certain installments. Pelz assigned his interest to Parker as security for certain indebtedness due from him to the latter. Pelz then defaulted in his payments to Pope and August 24, 1918, a new contract was made between them; Pelz further defaulted, Pope got a quitclaim from him and afterwards began this action against Parker.

There was a clause in each contract which provided that if Pelz defaulted Pope should "have the right to enter upon the above described premises and sell the same at public sale" to pay the purchase price, accounting to Pelz for any surplus.

It is clear enough that this contract (either of them, they are essentially one as held by the district court) was a mortgage which secured to Pope the performance

of Pelz's obligations to him. The fact that Pope retained the title to the property as security was the same in effect as if Pelz had conveyed it to him for that purpose. *Reitze v. Humphreys,* 53 Colo. 177, 184, 125 Pac. 518; *Andrews & Co. v. Colo. S. Bank,* 20 Colo. 313, 36 Pac. 902; *Clark v. Bright,* 30 Colo. 199, 201, 69 Pac. 506; *Clay, Robinson & Co. v. Moeller,* 74 Colo. 10, 15, 218 Pac. 903; *Wells v. Francis,* 7 Colo. 396, 415, 4 Pac. 49; *Teal v. Walker,* 111 U. S. 242, 251, 4 Sup. Ct. 420; 41 C. J. 299; *Hutchinson v. Crane,* 100 Ill. 269; *Longworth v. Taylor,* 1 McLean 395, 15 Fed. Cas. No. 8490. Affirmed in 14 Pet. 172, 177.

The provision for entry and sale was void. Code 1921, § 281; *Nevin v. Lulu, etc., Co.,* 10 Colo. 357, 365, 15 Pac. 611. The only foreclosure permitted under section 281, is that provided for in chapter 21, Id. *Teal v. Walker, supra.* Plaintiff's action, therefore, should have been to foreclose his mortgage instead of to quiet his title, but since the proper facts were set up to justify a decree of foreclosure the action should have been treated as such and a foreclosure sale ordered. It is elementary, under the Code, that if the facts stated and proved will not justify the relief prayed such relief as they will justify will be granted. Code 1921, § 187; *Nevin v. Lulu, etc., Co.,* 10 Colo. 357, 364, 15 Pac. 611; *Packard v. King,* 3 Colo. 211, 215; *Hamill v. Thompson,* 3 Colo. 518, 523; *Lipscomb v. Nichols,* 6 Colo. 290, 294; *Jennings v. Rickard,* 10 Colo. 395, 398, 15 Pac. 677; *Schiffer v. Adams,* 13 Colo. 572, 581, 22 Pac. 964; *Whittemore v. Wilkins,* 77 Colo. 533, 538, 539, 238 Pac. 69. And this is not merely a power, but a duty of the court. *Smith Canal, etc., Co. v. Colo. I. & S. Co.,* 34 Colo. 485, 495, 82 Pac. 940, 3 L. R. A. (N. S.) 1148; *Schiffer v. Adams, supra.* It has even been so held when the mortgagee objected and wished to be left to another action. *First Nat. Bank v. Elgin,* 136 Ill. App. 453. While it has the matter in hand the court should do complete justice. 21 C. J. 137; *Bessemer Co. v. Woolley,* 32 Colo. 437, 440, 441, 76 Pac. 1053;

538

*Gutheil Park Inv. Co. v. Montclair,* 32 Colo. 420, 76 Pac. 1050; *Schilling v. Rominger,* 4 Colo. 100, 106; *Danielson v. Gude,* 11 Colo. 87, 93, 94, 17 Pac. 283, and cases cited above.

It is claimed that Pelz's interest was not assignable, but the question is without consequence. Pope concedes that Parker acquired some rights, and, since the transaction between Pelz and Pope was a mortgage, the only way to dispose of those rights is to foreclose.

The judgment is reversed and the cause remanded with directions to proceed in accordance with the opinion.

Mr. Justice Adams, Mr. Justice Butler and Mr. Justice Campbell concur.