No. 11,904.

FARMERS LIFE INSURANCE COMPANY *v.* IGNACIO STATE BANK.

Decided December 10, 1928.

Mr. Wesley A. Peterson, Messrs. Dines, Dines & Holme, Mr. Robert E. More, for plaintiff in error.

Mr. B. W. Ritter, Mr. A. M. Emigh, for defendant in error.

*Department One.*

Mr. Chief Justice Denison delivered the opinion of the court.

A demurrer to the insurance company's complaint was sustained and it brings error. The action was to secure preference for plaintiff's $5,000 deed of trust over one for $6,200 made to the bank and held by it, "or its agents or officers." The complaint alleges that plaintiff sent the defendant its check for $5,000 with an abstract of title of the mortgaged land and other papers with explicit directions, among which were to procure "full satisfaction of the present loans against the place as shown in our attorneys' opinions, also obtain a good and sufficient release of each lien" * * * and "to have the abstracts ex-

tended to date which should show our mortgage to be a first and prior lien on the property in question;'' that the bank knew of the existence of the $6,200 mortgage (although, through some mistake, it did not appear in the abstract and so was not specifically mentioned in the attorneys opinion), but willfully disregarded it and paid out the $5,000 without its release.

It is the duty of an agent to obey instructions and he is responsible for failure to do so. The bank was the company's agent and violated its instructions. It is its duty now to put the company in the position which the instructions required, if that can be done, if not, such relief as is possible should be given. For example: That it restore a plaintiff to the position in which it was before the violation, by paying the $5,000 mortgage. Code 1921, § 187; *Nevin v. Lulu, etc., Co.,* 10 Colo. 357, 364, 15 Pac. 611; *Packard v. King,* 3 Colo. 211, 215; *Hamill v. Thompson,* 3 Colo. 518, 523; *Lipscomb v. Nichols,* 6 Colo. 290, 294; *Jennings v. Rickard,* 10 Colo. 395, 398, 15 Pac. 677; *Schiffer v. Adams,* 13 Colo. 572, 581, 22 Pac. 964; *Whittemore v. Wilkins,* 77 Colo. 533, 538, 539, 238 Pac. 69; *Pope v. Parker,* 84 Colo. 535, 271 Pac. 1118, and *Cahill v. Readon,* 85 Colo. 9, 273 Pac. 653, decided at the present term, and other cases cited therein.

The argument is made that the complaint ought to show that the bank still owns the $6,200 mortgage, but a moment's thought shows that to be irrelevant except to the kind of relief which should be granted. If the bank has no longer control of that mortgage the relief specifically prayed cannot be given, but that does not relieve the agent from responsibility for violation of instructions. A cause of action is stated; the relief must be what is possible and seems to the court most proper and just, even to damages if relief purely equitable is impossible (*Weddingfeld v. Gregersen,* 73 Colo. 582, 216 Pac. 1053), and this regardless of who owns the mortgage.

The complaint does not, as defendant claims, state conclusions. Its defect is in too elaborate statement and in

stating evidential matter, but with this it states the ultimate facts which we have abbreviated above.

This is not, as defendant seems to think, a case of fraudulent representation or deceit on the part of defendant, nor a case where plaintiff was misled, nor of estoppel. The bank was in a position of trust, a fiduciary, charged with the utmost good faith in protecting its employer and it is admitted by the demurrer that it willfully violated that duty. It is obvious that plaintiff's knowledge of the existence of the $6,200 mortgage is irrelevant. The bank was told to pay out only on a clear title, and it paid out on a title it knew was not clear.

Defendant claims that it is not definitely alleged that it knew of the $6,200, but it could not be more definitely stated than in this complaint. It says that the bank "at all times knew of the existence of said deed of $6,200 and knew that the same was an existing prior lien * * *." This is not a conclusion of law, but an ultimate fact; if it is a conclusion of fact it is not for that reason improper.

It is urged that since the $6,200 mortgage did not appear in the abstract and was not mentioned in the attorneys' opinion, the instructions were not violated. Not so. The instructions are that before payment, the abstract "should show our mortgage to be a first and prior lien on the property in question." It is clear from this and from the whole letter of instructions and from all the circumstances, that the company required its mortgage to be a first lien. It is incredible that the bank thought that the plaintiff wanted the abstract to *show* its mortgage to be a first lien, but did not require it to *be* a first lien, and the bank's action, as shown by the complaint, was a breach of faith.

Judgment reversed with directions to overrule the demurrer and proceed with the case.

Mr. Justice Whitford, Mr. Justice Adams and Mr. Justice Burke concur.