No. 10,947.

RYAN GULCH RESERVOIR CO., ET AL. *v.* SWARTZ.

Decided March 2, 1925.     Rehearing denied April 6, 1925.

Action for damages occasioned by water escaping from reservoirs. Judgment for plaintiff.

*Reversed.*

1.   EVIDENCE—*Statement of Plaintiff.* In an action for damages occasioned by water escaping from reservoirs, the striking of the evidence of a defendant's witness to the effect that plaintiff had stated that "nobody on earth could help it," held error.

2.   PLEADING—*Demurrer—Waiver.* Where a demurrer to a complaint on any of the Code grounds except jurisdiction and insufficiency of facts, is overruled, the defendant waives error, if any, by answering over without objection and going to trial on the merits.

3.   *Demurrer—Misjoinder of Parties—Answer.* Where a defendant's demurrer for misjoinder of parties defendant is overruled, he may in his answer include as a separate defense facts showing no joint liability, although bound by the court's ruling that the complaint on its face is not defective because of a misjoinder of parties defendant.

4.   PARTIES TO ACTIONS—*Misjoinder.* In an action for damages

against two defendants, if there was no concert of action between them of omission or commission and no concurrence in time or place of their distinct and separate acts which caused the injury, there could be no joint liability and they could not be sued jointly, even though each defendant, had he been sued alone, might be liable for damage.

5. INSTRUCTIONS—*Inconsistent.* The giving of an instruction which is inconsistent with itself, and for which there is no basis in the evidence, is error.

6. PLEADING—*Negligence.* In an action for damages occasioned by water escaping from reservoirs, if plaintiff desires to raise the question of defendant's negligence in constructing or maintaining the reservoirs, it must be pleaded.

7. RESERVOIRS—*Damage by Escaping Water—Defense.* Act of God or the public enemy is a good defense to an action brought under section 1684, C. L. '21 making reservoir owners liable for damages occasioned by waters therefrom.

8. APPEAL AND ERROR—*Erroneous Judgment.* In an action for damages where the judgment was against two defendants who were erroneously held jointly liable, the reviewing court declined to enter judgment against one defendant leaving him to his remedy of contribution against the other.

9. DAMAGES—*Liability, Joint and Several.* Where wholly distinct and separate acts of two defendants have caused a single injury, the fact that it would be difficult for a jury to estimate the damage occasioned by each defendant, is no reason for permitting a joint action against both.

*Error to the District Court of Larimer County, Hon. Francis E. Bouck, Judge.*

Mr. E. S. ALLEN, Messrs. STOW & STOVER, Mr. W. K. LILLEY, Mr. HENRY S. SHERMAN, for plaintiffs in error.

Mr. AB H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

RYAN GULCH in Larimer county is a natural depression, the waters of which flow into the Big Thompson river. In this gulch are two reservoirs: one owned by the Ryan Gulch Reservoir Company, the other by the South Side Irrigation and Reservoir Company, who were joined as defendants in this action by plaintiff John Swartz, who recovered a joint judgment against them for damages to his growing crops and lands caused by the release of the impounded and other waters when the embankments of the reservoirs gave way. The reservoir sites are in different townships, just how far separated in space the record does not disclose. Each reservoir is owned and managed by a different corporation. The facts tend to show that in June, 1921, there was an unusual and unprecedented flood or cloud-burst in the vicinity of this gulch such as had never before occurred in that locality within the memory of the oldest residents. The water filled Ryan Gulch above and below the reservoirs, and the ground was covered with a wide expanse of water of considerable depth. The rain started in the early afternoon and continued until after darkness set in. The reservoirs held and their impounded water remained therein until after 9 o'clock in the evening, and during the period between 3 and 9 o'clock the heavy downpour of rain was practically continuous. The reservoirs were filled and great quantities of water overflowed therefrom for some time before the embankments gave way after 9 o'clock. On this review defendants below, plaintiffs in error here, have assigned numerous errors, which have been thus grouped for argument: (1) The court erred in striking parts of the testimony of the defendants' witness Ebett. (2) There was no joint liability, there being a misjoinder of parties defendant; and an actual failure by the evidence to establish joint liability, and, at best, tending to prove, if anything, only a separate liability of each defendant for its own independent and separate contribution to the single injury suffered by the plaintiff. (3) The third separate defense of the answer of each defendant is that plaintiff's injury was the

result of the act of God and as the evidence in its support was clear and undisputed, defendants are not liable at all.

1. Defendants' witness Ebett testified that the next morning after the flood he had a brief conversation with the plaintiff on the latter's farm. Mr. Swartz was looking out over his ranch and the witness came up behind him, touched him on the shoulder and as Swartz looked around, the witness said: "Hello, Jack. That is pretty tough, isn't it? and he looked considerably worried and he said: Yes, that is hell, but nobody on earth could help it."

The plaintiff moved to strike this testimony as irrelevant and immaterial and the court granted the motion, and the defendants saved an exception. Under the authority of *Holman v. Boston L. & S. Co.*, 20 Colo. 7, 11, 12, 36 Pac. 797, this was error. One of the defenses interposed, which we think a good one, was that the cause of the injury, if any, was the act of God. The alleged admission of the plaintiff, that "nobody on earth could help it," was material and competent on this defense. In effect it was that the injury was unavoidable, could not have been prevented. Its weight and sufficiency were for the jury. In the Holman case testimony by the plaintiff was admitted that a fire occurred without fault on the part of the defendant. Striking of it thereafter was held to be reversible error.

2. Each defendant filed a separate demurrer to the complaint upon the ground that damages were asked of each defendant for the injury caused by the breaking of its own separate reservoir, and the complaint showed on its face that the damages arose from two distinct and separate instrumentalities or sources of the two separate and distinct defendants, and thereby there was a misjoinder of parties defendant. The court overruled this demurrer and we think properly so, but if the ruling was wrong, error may not now be predicated on it. Upon the overruling of the demurrer each defendant answered over.

The general rule in this jurisdiction is that where a demurrer to the complaint on any of the code grounds, except jurisdiction and insufficiency of facts, is overruled,

the defendant waives error, if any, by answering over without objection and going to trial on the merits. Mills Ann. Code, edition 1905, p. 146, § 50, note 58, et seq.; p. 699, § 394, note 142; *Keys v. Morrison,* 3 Colo. App. 441, 34 Pac. 259; *G. W. M. Co. v. W. of A. M. Co.,* 12 Colo. 46, 64, 20 Pac. 771, 13 Am. St. Rep. 204; *Farncomb v. Stern,* 18 Colo. 279, 32 Pac. 612; *Zobel v. Fannie Rawlings Co.,* 49 Colo. 134, 137, 111 Pac. 843; *Colorado City v. Worley,* 23 Colo. App. 456, 130 Pac. 826.

All of these cases say that the objection on the ground of misjoinder must be taken by demurrer if the defect is apparent on the face of the complaint; otherwise, it must be taken by answer and, as stated in the Keys Case, the code restricts the right to raise the question in the answer if the defect be not thus apparent on the face of the complaint, and failure to take advantage of the error in either of the two ways is deemed to be a waiver. The defendant in error, plaintiff below, does not make the point, and if he did it would not be tenable, that this ruling on the demurrer prevents the defendants from setting up in answer facts which, if sustained by the evidence, show no joint liability of the two defendants, but only a separate liability of each one, if any, for its own separate acts. So far as concerns the question of misjoinder of parties defendant the court's order overruling the demurrer is final and not reviewable by this court. Defendant in his answer, or otherwise, may not thereafter attack the complaint in that particular. *Car Coupler Co. v. League,* 25 Colo. 129, 134, 54 Pac. 642. He may, however, as was done here, set forth in his answer as a defense facts which, though they may not be used in an attack upon the complaint as disclosing misjoinder of parties defendant, constitute a defense to defeat a recovery on the ground that the defendants were not guilty of any joint act or acts that caused the injury. We are of opinion that whether on its face a complaint does or does not reveal a misjoinder of parties defendant and a demurrer on that ground by the separate defendants is overruled, and the defendants either jointly or separately

answer on the merits, they may therein plead a state of facts which shows no joint liability.  Otherwise expressed, where a defendant demurs for misjoinder of parties defendant and his demurrer is overruled, he may in his answer include as a separate defense facts showing no joint liability, though bound by the ruling of the court that the complaint on its face is not defective because of a misjoinder of parties defendant. *Adams v. Clark*, 36 Colo. 65, 90, 85 Pac. 642, 10 Ann. Cas. 774.  In *Livesay v. First National Bank*, 36 Colo. 526, 532-3, 86 Pac. 102, 6 L. R. A. (N. S.) 598, 118 Am. St. Rep. 120, it was held that a cause of action in a complaint that alleges a joint tort is not established where the proof is that the alleged injury was occasioned by the separate and distinct torts of two or more defendants.  This is the real point made by defendants here.  The court in the Livesay Case said that there must be something more than the existence of a separate cause of action for the same act or default to enable a plaintiff to join the two parties defendant in the single action.

After the demurrer for alleged misjoinder was overruled, each defendant in this case, by a third and separate defense, pleaded facts which on their face show that the single injury inflicted upon the plaintiff, if committed by these defendants, was not the result of their joint action or combination of action, that they did not act in concert or join in any manner whatever in causing the alleged injury, that each of the reservoirs in question, situate in different townships, was owned and operated by a different defendant in which the other defendant had no interest or voice whatever.  To this defense the demurrer of the plaintiff was sustained.  We think there was error in this ruling for if there was no concert of action between the two defendants, either of omission or commission, no concurrence either in time or place of the two distinct and separate acts, or series of acts, there was no joint liability, even though each defendant, had he been sued alone, might be liable for damage.  They could not, however, in such circumstances, be sued jointly.

*Keyes v. Little Y. G. Wash. & Water Co.,* 53 Cal. 724; *Blaisdell v. Stephens,* 14 Nev. 17, 21, 33 Am. Rep. 523; *Gallagher v. Kemmerer,* 144 Pa. St. 509, 22 Atl. 970, 27 Am. St. Rep. 673; *McLeod v. Miller,* 40 Nev. 447, 153 Pac. 566; *Mead v. Ph. Zang Brew. Co.,* 43 Colo. 1, 95 Pac. 284; *Stratton's Independence v. Sterrett,* 51 Colo. 17, 26, 117 Pac. 351; *Verheyen v. Dewey,* 27 Idaho 1, 146 Pac. 1116, which cites with approval the Colorado Livesay Case, supra; *Miller v. Highland Ditch Co.,* 87 Cal. 430, 25 Pac. 550, 22 Am. St. Rep. 254; *Chipman v. Palmer,* 77 N. Y. 51, 53, 33 Am. Rep. 566; *Sellick v. Hall,* 47 Conn. 260.

In *Farley v. Crystal Coal & Coke Co.,* 85 W. Va. 595, 102 S. E. 265, reported in 9 A. L. R. 933, in which a former decision of the same court (*Day v. Louisville Coal & Coke Co.,* 60 W. Va. 27, 53 S. E. 776, 10 L. R. A. [N. S.] 167), is overruled, is found a discussion of the question before us in harmony with our conclusion, and valuable notes appended. In one sense it may be that sustaining of plaintiff's demurrer to the third defense of the answer is not harmful to the defendant because under the denial in the first defense it was at liberty to, and might, produce the same kind and amount of evidence as it could under the third defense to prove that there was no concert of action between the two defendants, hence no joint liability. Were it not that the record elsewhere shows that the trial court's ruling sustaining the demurrer was on the ground that the ultimate facts pleaded in the third defense, if established by the evidence, would not defeat the action against the defendants jointly, we might find no prejudicial error in the ruling on plaintiff's demurrer. But the fundamental and harmful error in this branch of the case, pervading the ruling on this demurrer, and underlying the instructions to the jury, and refusing to give instructions asked by the defendants in harmony with our views on the question of joint liability, was in holding the defendants jointly liable, though the evidence shows there was no concurrence either in time or place of their distinct and separate acts

which caused the single injury. The failure of proof to show joint liability is fatal to recovery in this action.

3. Under section 1684, C. L. 1921, owners of reservoirs are made liable for all damages arising from leakage or overflow of the waters therefrom or by floods caused by breaking of their embankments, and by section 1693, C. L. 1921, they are absolutely held liable for damages that are caused by the breaking of embankments. *Garnet D. & R. Co. v. Sampson,* 48 Colo. 285, 110 Pac. 79, 1136; *Grand Val. Irr. Co. v. Pitzer,* 14 Colo. App. 123, 59 Pac. 420; *Beaver W. & I. Co. v. Emerson,* 75 Colo. 513, 227 Pac. 547.

In the Emerson opinion the court said that the question of the act of God or the public enemy was not in that case. In the Garnet Case, in the opinion on rehearing, to remove apprehension the court said that in holding that the statute imposed an absolute liability, it had not held that a reservoir owner may, or may not, under the law of the land and notwithstanding the statute, be excused from liability upon showing that the injury was caused by the act of God or the public enemy. In this action, as already stated, one of the several defenses pleaded was that the injury was the result of the act of God. The plaintiff did not object thereto as a legal defense but replied to it by denying that the injury was the result of the act of God. He has not assigned cross-error to the ruling of the trial court that it is a good defense. The court held the defense good when evidence was offered and admitted in support of it. In its instructions the jury were told that an act of God is the only defense available to a defendant under our statute and that if the defendants' reservoirs broke or washed away solely as an act of God, the defendants are not to be held responsible therefor. No objection is made to this part of the instruction. The court then proceeded to state that the fact, if proven, that an extraordinary storm contributed to the escape of the waters from defendants' reservoirs, does not of itself exonerate the defendants from liability, and added, if the extraordinary flood was only

one of the causes of the breaking or washing away of defendants' dams and contributed thereto, and the breaking or washing away of said dams is also attributable to any fault or lack of ordinary care on the part of defendants, or either of them, so that it may be said that the reservoirs broke or the dams washed out not only as a result of the flood but also on account of matters attributable to the defendants, then the defendants are to be held liable on account of such breaking or washing; provided, however, "that if you believe from the evidence not only that an act of God did cause the damage, but that it must necessarily have caused such damage, no matter how careful the defendants might have been, then, even though you should find that the defendants were negligent, your verdict must be for the defendants", and the burden of proof was placed upon the defendants in that connection. This instruction is inconsistent with itself. The defendants say, and rightly we think, that it is erroneous for the following additional reasons: If the plaintiff desired to raise the question of defendants' negligence in constructing or maintaining the reservoirs, he should have specially pleaded that negligence in his replication to the separate defense but did not do so. Besides, there is no evidence in the record even tending to show that, in the construction, operation or maintenance of the reservoirs, the defendants in any respect were guilty of negligence.

Although the question has not hitherto been expressly decided by this Court, we are of the opinion that an act of God or the public enemy is a good defense in an action under this section, even though the liability imposed thereby is fixed by statute, without regard to negligence of the defendants. There is no plea or evidence of negligence of the defendants in the construction or operation or maintenance of the reservoirs. The evidence of the defendants was sufficient to prove that the rainstorm or cloud-burst or downpour of rain was an act of God and could not have been foreseen or prevented by any care, however great, of the defendants in constructing and maintaining the reser-

voirs. There is no evidence in the record to which our attention has been called, and we have found none, even tending to show any lack of care upon their part. The instruction, therefore, that if in any wise the defendants' act or fault contributed to the flood, the defendants were not absolved from liability was also erroneous as not applicable to any evidence or to any inference from any evidence in the case.

4. It is contended by the plaintiff that the defendants admit that the embankments of the upper reservoir first gave way and that the waters thereof being thus thrown into the lower reservoir caused the embankments of the lower to give way, but we find no such admission. He further says that under the doctrine of the Beaver-Emerson Case, supra, this would make the owner of the lower reservoir absolutely liable for the entire damage. We are, therefore, asked, if we hold on this review that the defendants cannot be held jointly liable, to affirm this judgment as to the lower reservoir owner and then let the two defendants hereafter settle as between themselves, which one, if either, is wholly liable, or what proportion each shall pay of the judgment thus entered by us against the one defendant. We do not think this should be done, even if we had the power to do it. The difficulty that the plaintiff must necessarily encounter, if he brings a separate action against either defendant, in showing what its contribution was to the single injury, is no reason why this court in a joint action against them, where the evidence does not show a joint liability, should hold either defendant liable for the entire injury to which he is only one separate contributor, nor is it any reason why we should permit a joint action to be maintained against both when there was no concurrence, either in time or place, of their distinct and separate acts. There is always difficulty upon the part of a jury in estimating the amount of damages in such cases, but this has never been understood to be a reason for a court arbitrarily to say that defendants, whose wholly distinct and separate acts have caused a single in-

jury, may be joined in one action for the benefit of the plaintiff and to save him the labor of showing in a separate action against either tort-feasor what damage was occasioned by him.

It follows that the judgment must be reversed and the cause remanded and, if further proceedings be had, they must be not inconsistent with the views herein expressed.

MR. JUSTICE ADAMS not participating.