**Alfonso N. BENAVIDES, Appellant,**

v.

**Martin GONZALEZ et al., Appellees.**

**No. 14420.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1965.

Rehearing Denied Dec. 8, 1965.

Emilio Davila, Laredo, for appellant.

Philip A. Kazen, Nat B. King, Laredo, for appellees.

BARROW, Justice.

This is a summary judgment appeal. Appellant brought this suit to recover for damages allegedly sustained to his land when a reservoir, located on adjoining property, broke and discharged a large body of water upon his land. A motion for summary judgment, supported by affidavits, was filed on behalf of the defendants and, after a hearing on same, a take-nothing judgment was entered.

Although this appeal was perfected as to both defendants, appellant now concedes that the judgment was properly entered as to Martin Gonzalez, in that under the uncontradicted affidavits Martin owned no interest in either the land or the reservoir. Appellant asserts, however, that the court erred in sustaining the motion of Cruz Gonzalez, who admitted ownership of the dam, impoundment of the water, a flood and overflow of the water.

Cruz Gonzalez owned a tract of land which adjoined appellant's land. The Gonzalez land was used for grazing and he constructed a reservoir to water the cattle. Appellant alleged that by reason of some defect in the reservoir, it broke away, discharging an unusually large body of water which damaged appellant's land and destroyed twenty-five hundred feet of fence line.

Cruz Gonzalez filed his motion for summary judgment wherein he urged that the reservoir was constructed to contain all the water which could be reasonably anticipated, but on the occasion in question there was an unprecedented rainfall which filled and overflowed the reservoir as well as the entire watershed. He asserted that appellant's land was therefore damaged by an Act of God. Six affidavits were filed in support of this motion. In addition to Cruz's own affidavit, there were affidavits of five other persons who were familiar with the rainfall on the occasion when the flooding conditions occurred.

From this evidence it is seen that appellant's and Gonzalez's lands are located in the watershed of the Santa Isabel Creek and its tributary, the Galvan Creek. These creeks, which originate about twenty miles to the north of appellee's land, ordinarily have little or no water in them. The natural flow of the surface water is to the south, that is, from Gonzalez's land toward that of appellant. On the night of September 15, 1964, a torrential rain fell all over the watershed of these creeks and resulted in flooding conditions in same. On Gonzalez's land the water was four feet deep over a width of a mile, and the water was of such force as to move a house two hundred feet. Witnesses, who had been familiar with this semi-arid area for over thirty years, swore that they had never seen a rain as heavy as this one. The normal annual rainfall for this area is eighteen to twenty inches, yet over twelve inches fell on this occasion during a three-day period. There was testimony that over forty-five tanks in this watershed burst as a result of these floodwaters.

Cruz Gonzalez established by these affidavits from disinterested witnesses that the overflow from his reservoir was caused by unprecedented rainfall rather than a defect in construction of his tank. Ap-

pellant filed no affidavits opposing said motion. He did not offer any testimony which contradicted these affidavits relative to the unprecedented rainfall or relative to any defect in appellee's reservoir.

Appellant urges on this appeal that appellees' affidavits raise fact issues that Cruz Gonzalez violated the provisions of Art. 7589a, Vernon's Ann.Civ.Stats. This article provides in effect that it shall be unlawful for any person to divert the natural flow of surface waters in this State or to impound such waters in such manner as to damage the property of another by overflow of such waters so diverted or impounded. Miller v. Letzerich, 121 Tex. 248, 49 S.W.2d 404, 85 A.L.R. 451; Red Lake Fishing & Hunting Club v. Burleson, Tex.Civ.App., 219 S.W.2d 115, wr. ref.

■ Although it has been held that negligence is not an essential element of a suit for damages caused by such unlawful diverting or impounding of surface waters, it must be shown that such unlawful act caused damages to the owner which would not have resulted but for such act. Roby v. Hawthorne, Tex.Civ.App., 77 S.W.2d 923, wr. dism. This case further held that unprecedented rainfall could be shown to be the cause rather than the unlawful diversion. See also Magnolia Petroleum Co. v. Johnson, Tex.Civ.App., 176 S.W.2d 774, no wr. hist. Unprecedented rainfall or Act of God is uniformly recognized as a good defense under statutes of other States which are similar to Art. 7589a, supra. 93 C.J.S. Waters § 153; 56 Am. Jur., Waters, § 167; Ryan Gulch Reservoir Co. v. Swartz, 77 Colo. 60, 234 P. 1059 (1925).

■ Under the uncontradicted affidavits filed by appellees, the damage asserted by appellant was shown to have been the result of flooding conditions brought about by an unprecedented rainfall in the watershed of the Santa Isabel Creek and its tributary. This established a valid defense to appellant's claim for damages by reason of the construction of a reservoir on Cruz Gonzalez's land. The trial court properly granted summary judgment for Cruz Gonzalez.

The judgment is affirmed.