Lester SANDERSON and Joan Sanderson, Plaintiffs–Appellants,

v.

HEATH MESA HOMEOWNERS ASSOCIATION, Defendant–Appellee.

No. 07CA0236.

Colorado Court of Appeals, Div. III.

March 20, 2008.

Younge & Hockensmith, P.C., Earl Rhodes, Grand Junction, Colorado, for Plaintiffs–Appellants.

Clay and Dodson, P.C., Aaron R. Clay, Barbara J. Sanford, Delta, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

Plaintiffs, Lester and Joan Sanderson, appeal the trial court's judgment denying their trespass claim against defendant, Heath Mesa Homeowners Association. We reverse and remand for further proceedings.

## I. Background

Approximately ten acres of the Sandersons' land in Montrose County lie atop and on the east slope of a hillside. The hillside is composed of gravel on top of shale, which allows water to move freely underground. Heath Mesa owns a historical easement for an irrigation ditch on the Sandersons' property.

In 1988, Howard Heath, the predecessor-in-interest to Heath Mesa, stopped using the irrigation ditch, diverted the irrigation water into an underground pipeline, and moved the pipeline to a location different from the historical easement.

In 1995, the irrigation pipeline leaked; over the ensuing years, the pipeline leaked many times, with the most recent leak occurring in 2006. Consequently, the hillside below the irrigation pipeline eroded, resulting in damage to the Sandersons' property.

In February 2006, the Sandersons filed this action against Heath Mesa, asserting claims for declaratory and injunctive relief, quiet title, and trespass. The district court granted a permanent injunction in favor of the Sandersons and against Heath Mesa, finding that the pipeline unreasonably burdened the Sandersons' property. The court ordered Heath Mesa to move the pipeline to the historical easement location, and Heath Mesa did so.

At trial, the Sandersons presented evidence that Heath Mesa's placing the pipeline on their property constituted a continuous trespass. The trial court, however, ruled that the pipeline did not constitute a continuous trespass, and, accordingly, their trespass claim was barred by the two-year statute of limitations.

On appeal, the Sandersons maintain that their trespass claim was not barred by the statute of limitations and that they are entitled to damages. We agree.

## II.   Continuing Trespass

The Sandersons contend the trial court abused its discretion in permitting Heath Mesa to amend its answer to include a statute of limitations affirmative defense on the eve of trial.   Alternatively, they contend the trial court erred in concluding that the irrigation pipeline did not constitute a continuing trespass.

Because we conclude the irrigation pipeline constituted a continuing trespass, the Sandersons' trespass claim was not barred by the statute of limitations.   Accordingly, we need not consider their first contention.

■   Whether an irrigation pipeline constitutes a continuing trespass is a question of law, and, therefore, we review the trial court's decision de novo.   *See generally Hoery v. United States*, 64 P.3d 214, 218–20 (Colo.2003) (discussing difference between continuing and permanent torts).

■   Here, as noted, the trial court found that the pipeline did not constitute a continuing tort "under the circumstances of this case."   Additionally, the court determined that, because there was no continuing tort, the Sandersons' trespass claim was barred by the statute of limitations.

■■   The elements of the tort of trespass are a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that property.   *Public Serv. Co. v. Van Wyk*, 27 P.3d 377, 389 (Colo.2001).   "A landowner who sets in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property."   *Hoery*, 64 P.3d at 217.

■   "The typical trespass ... is complete when it is committed; the cause of action accrues, and the statute of limitations begins to run at that time."   *Id.* at 218.   However,

> when the defendant erects a structure or places something on or underneath the plaintiff's land, the defendant's invasion continues if he fails to stop the invasion and to remove the harmful condition. In such a case, there is a continuing tort so long as the offending object remains and continues to cause the plaintiff harm.

*Id.* (citing W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 13 (5th ed.1984) ).   In other words, each day a trespass of this type continues, a new cause of action arises.   *See Brown Group Retail, Inc. v. State*, 155 P.3d 481, 486 (Colo.App.2006) (cert. granted Apr. 9, 2007) (citing *Hoery*, 64 P.3d 214).   Consequently, a claim for a continuous tort, such as trespass, does not begin to accrue until the tortious conduct has ceased.   *Id.*

■   "Colorado law recognizes the concepts of continuing trespass ... for those property invasions where a defendant fails to stop or remove continuing, harmful physical conditions that are wrongfully placed on a plaintiff's land."   *Hoery*, 64 P.3d at 220.   However, "where the property invasion will and should continue indefinitely because defendants, *with lawful authority*, constructed a socially beneficial structure intended to be permanent," the property owner cannot sustain an action for a continuous trespass.   *Id.* (emphasis added).   Colorado courts have recognized that irrigation ditches and railroad lines are socially beneficial structures and, therefore, do not constitute continuing torts. *Id.*

Heath Mesa argues that the irrigation pipeline did not constitute a continuing trespass because it falls within the recognized exception for socially beneficial structures, such as irrigation ditches.   However, we need not address this contention because it is undisputed that Heath Mesa did not have lawful authority to construct the irrigation pipeline where it was constructed.   As the trial court found, the irrigation pipeline was not located within Heath Mesa's historical easement.   *See Evans v. Colo. Ute Elec. Ass'n*, 653 P.2d 63, 64 (Colo.App.1982) (an easement grantee becomes a trespasser when the grantee goes onto the grantor's land outside the authorized area and does damage).   Consequently, we conclude the irrigation pipeline constituted a continuing trespass, and the trial court erred when it concluded otherwise.

### III.  Causation

The Sandersons also contend the trial court erred in concluding that they failed to prove that the pipeline's leaks caused the damage to their property.  Specifically, the trial court, relying upon an unnamed Colorado construction defect case, held that the Sandersons had the burden to prove that *all* the alleged damage was due to Heath Mesa's conduct.  We agree with the Sandersons' contention.

### A.  Causation as Question of Fact or Law

■■■■  Causation is a question of fact reserved for the trier of fact.  *Crowe v. Tull*, 126 P.3d 196, 210 (Colo.2006).  However, if the "facts are undisputed and reasonable minds could draw but one inference from them, causation is a question of law for the court."  *City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 485 (Colo. App.2003).

■■■■  "In Colorado, liability for trespass requires only an intent to do the act that itself constitutes, or inevitably causes, the intrusion."  *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064, 1067 (Colo. App.1990).  "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally ... enters land in the possession of the other, or causes a thing or a third person to do so...."  *Id.* (quoting *Miller v. Carnation Co.*, 33 Colo.App. 62, 68, 516 P.2d 661, 664 (1973)).

■■■  Proof of causation is not required when a person intentionally enters upon the property of another without permission.  *See* CJI–Civ. 4th 18:1 (2007).  However, proof of causation is required when a defendant intentionally causes something else "to come upon" the property of another without permission.  *See id.*

■■■■  Here, because the trespass did not merely involve Heath Mesa entering the Sandersons' property, the Sandersons had to prove that Heath Mesa's pipeline caused damage to their property.  Heath Mesa does not dispute that, through Heath, it intended to construct the irrigation pipeline in a location other than the historical easement location.  Moreover, when the trial court found that Heath Mesa's actions constituted a trespass, that necessarily included a finding that Heath Mesa's pipeline had caused at least nominal damage to the Sandersons' property.  Thus, as long as the irrigation pipeline was *a* cause of the alleged damage to the Sandersons' property, Heath Mesa is liable for at least nominal damages.

### B.  Allocation of Liability

Nevertheless, the parties disagree about how causation limits liability in a trespass action where, as here, more than one source may be responsible for the property damage.  The Sandersons maintain that they are entitled to all of the damages proved at trial, without apportionment, because the trial court found that Heath Mesa committed a trespass.  Heath Mesa, in turn, contends that the trial court properly declined to award any damages to the Sandersons because it has no obligation to designate nonparties who might also have been responsible for damage to the Sandersons' property.  We conclude the trial court erred in denying the Sandersons any damages, and an apportionment of damages must take place.

■■■■  In trespass actions involving multiple defendants or designated nonparties, liability may be determined pro rata.  *See* § 13–21–111.5, C.R.S.2007;  CJI–Civ. 4th 18:1 notes on use 3. If the plaintiff only names one defendant and the defendant believes that other parties are also at fault for the property damage, the defendant is responsible to designate nonparties in its pleadings.  *See* § 13–21–111.5; *see also Thompson v. Colo. & E. R.R. Co.*, 852 P.2d 1328, 1330 (Colo.App. 1993) ("a court may not allow the finder of fact to consider the negligence or fault of a nonparty unless such issue has properly been raised by the defendant in a pleading which complies with the requirements of § 13–21–111.5(3)").

Additionally, to the extent Heath Mesa argued at trial and may contend on remand that some of the damage to the Sandersons' property resulted from natural subsidence, we agree that an "act of God" defense is

permitted. *See Ryan Gulch Reservoir Co. v. Swartz,* 77 Colo. 60, 67, 234 P. 1059, 1062 (1925) (one may be excused from liability upon showing that the injury was caused by an "act of God").

Here, Heath Mesa was the only defendant named in this action and it did not designate nonparties or seek to implead additional parties. Accordingly, Heath Mesa is the only party liable for the damage to the Sandersons' property, but, as Heath Mesa contends, liability for some of the damage may be attributed to natural subsidence, an "act of God," or to the Sandersons when they irrigated their hillside orchard.

On remand, the trial court shall allocate the damages based upon the evidence presented at trial. The Sandersons' expert, Thomas Griepentrog, testified at trial that the ruptures in Heath Mesa's pipeline were a major contributor to the instability in the hillside. When Heath Mesa's attorney asked whether the ruptures in the pipeline were responsible for fifty percent of the instability in the hillside, Griepentrog responded, "More than likely, at least that if not more on a short term basis."

We additionally note that "[d]amages available on a trespass claim [may] include not only diminution of market value, costs of restoration, and loss of use of the property, but also discomfort and annoyance to the property owner as the occupant." *Hawley v. Mowatt,* 160 P.3d 421, 426 (Colo. App.2007); CJI–Civ. 4th 18:4. If the court finds that the Sandersons did not present sufficient evidence of the actual damages incurred by them resulting from this trespass, it shall nevertheless award them nominal damages for Heath Mesa's trespass. *See Crawford v. French,* 633 P.2d 524, 527 (Colo. App.1981); CJI–Civ. 4th 18:4.

Finally, because the Sandersons did not seek damages based upon relief available pursuant to property law, we do not consider the application of *Lazy Dog Ranch v. Telluray Ranch Corp.,* 965 P.2d 1229, 1238 (Colo. 1998) (the owner of an easement is responsible for unreasonable damage he or she caused to the servient estate or unreasonable interference with the enjoyment of the servient estate).

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge LOEB and Judge HAWTHORNE concur.