Court of Appeals No. 14CA2061
Jefferson County District Court No. 13CV30751 Honorable Philip J. McNulty, Judge
Wal-Mart Stores, Inc.; Wal-Mart Real Estate Business Trust; Wal-Mart Stores East, L.P.; Sam’s West Inc.; and Sam’s PW Inc.,
Plaintiffs-Appellees, v.
United Food and Commercial Workers International Union; and Organization United for Respect at Walmart,
Defendants-Appellants.
JUDGMENT AFFIRMED
Division I
Opinion by JUDGE MILLER 
Taubman and Fox, JJ., concur
Announced May 5, 2016
Greenberg Traurig LLP, Brian L. Duffy, Naomi G. Beer, Adam S. Ross, Denver, Colorado; Steptoe & Johnson, LLP, Steven Wheeless, Douglas Janicik, Phoenix, Arizona, for Plaintiff-Appellees
Berenbaum Weinshienk PC, Michael J. Belo, Denver, Colorado; George Wiszynski, Joey Hipolito, Washington, D.C., for Defendants-Appellants
 
¶ 1       Defendants, United Food and Commercial Workers International Union (UFCW) and a related entity, Organization United for Respect at Walmart (collectively, unions), appeal the orders from the district court denying their motion to dismiss and entering summary judgment in favor of plaintiff Wal-Mart Stores, Inc. (Walmart).[1] We affirm. In so doing, we hold that the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-169 (2012), does not arguably prohibit, and therefore does not preempt, Walmart’s state claim to enjoin the unions from trespassing on its premises.
I. Background
¶ 2       The unions are labor organizations that engaged in demonstrations at Walmart stores nationwide, including at several locations in Colorado. In response, Walmart mailed a letter to UFCW’s general counsel asking him to direct the unions to immediately cease protesting on Walmart’s property. When the activities continued on Walmart premises, Walmart filed an unfair labor practice charge (labor charge) with the National Labor Relations Board (Board), claiming that the unions violated section 8(b)(1)(A) of the NLRA, 29 U.S.C. § 158 (2012), “by planning, orchestrating, and conducting a series of unauthorized and blatantly trespassory in-store mass demonstrations, invasive ‘flash mobs,’[2] and other confrontational group activities” at Walmart stores nationwide. This charge was later dismissed, at Walmart’s request. Walmart then filed a complaint for injunctive and declaratory relief from trespass in district court,[3] requesting a permanent injunction enjoining the unions from engaging in three types of activity on Walmart’s property in Colorado: (1) trespassing to engage in unauthorized activities such as picketing, patrolling, parading, flash mobs, demonstrations, handbilling, solicitation, customer disruptions or manager confrontations; (2) entering without permission for any purpose other than shopping for or purchasing merchandise; and (3) committing any other unlawful and disruptive acts.
¶ 3        The unions filed a motion to dismiss under C.R.C.P. 12(b)(1), claiming that NLRA preemption deprived the district court of subject matter jurisdiction. The court denied the motion. Walmart then moved for summary judgment and the court granted it. The court’s order, as relevant here, permanently enjoins the unions from engaging in the following activities at approximately ninety-four Walmart store locations in Colorado:
(a)entering onto or inside any store, facility, or other property, including any apron sidewalk or parking lot, in the State of Colorado that is owned, operated, or controlled by Walmart or any of their subsidiaries, affiliates, or operating entities to engage in activities such as picketing, patrolling, parading, demonstrations, “flash mobs,” handbilling, solicitation, rallies, video-bombing,[4] and manager confrontations;
(b)entering onto or inside any store, facility, or other property in the State of Colorado, including any apron sidewalk or parking lot, that is owned, operated, or controlled by Walmart or any of their subsidiaries, affiliates or operating entities without permission or authorization from Walmart for any purpose other than shopping for and/or purchasing Walmart merchandise; and/or
(c) barricading, blocking, or preventing access to or egress from any store, facility, or other property, including any apron sidewalk or parking lot, in the State of Colorado that is owned, operated, or controlled by Walmart, or any of their subsidiaries, affiliates or operating entities.
(Emphasis added.) The court also enjoined similar activities with respect to six stores at which Walmart has building-only leases.
¶ 4      The unions argue that the district court erred in denying their motion to dismiss because Walmart’s lawsuit is preempted by the NLRA. In addition, they argue that, even if NLRA preemption does not apply, the court erred in granting Walmart’s motion for summary judgment with respect to Walmart-owned property that is subject to nonexclusive easements, because a claim of trespass on areas subject to nonexclusive easements requires proof that the unions unreasonably interfered with Walmart’s use of those areas. We turn first to the preemption argument.
II. Preemption
¶ 5        The unions argue that the NLRA preempts Walmart’s lawsuit because it arguably prohibits the unions’ trespass. We conclude that the lawsuit is not preempted.
A. Preservation and Standard of Review
¶ 6        Challenges to subject matter jurisdiction may be asserted at any time. Town of Carbondale v. GSS Props., LLC, 169 P.3d 675, 681 (Colo. 2007). We apply a mixed standard of review to motions to dismiss for lack of subject matter jurisdiction. Levine v. Katz, 192 P.3d 1008, 1012 (Colo. App. 2006). The district court’s factual findings are reviewed for clear error; they are binding unless so clearly erroneous as not to find support in the record. Id. The court’s legal conclusions, though, are reviewed de novo. Ashton Props. Ltd. v. Overton, 107 P.3d 1014, 1017 (Colo. App. 2004).
B. Analysis
1. Preemption Law
¶ 7        Congress enacted the NLRA and created the Board, 29 U.S.C. § 153(a) (2012), to, among other things, encourage and protect the rights of workers to organize for the purposes of negotiating the terms and conditions of their employment. 29 U.S.C. § 151 (2012); see also Chamber of Commerce of United States v. Brown, 554 U.S. 60, 66 (2008). Section 7 of the NLRA, 29 U.S.C. § 157 (2012), provides that workers have the right to organize, bargain collectively, and engage in concerted activity for their mutual aid and protection. See also Brown, 554 U.S. at 66. Safeguarding this right is the Board’s power to prevent “any unfair labor practice . . . affecting commerce.” 29 U.S.C. § 160(a) (2012). The NLRA protects against different types of unfair labor practices; relevant to this appeal is section 8(b)(1)(A), 29 U.S.C. § 158(b)(1)(A), which makes it an “unfair labor practice” for labor organizations to “restrain or coerce . . . employees in the exercise of the rights guaranteed” in section 7. See also Brown, 554 U.S. at 67.
¶ 8       The NLRA contains no express preemption provision, but “Congress implicitly mandated two types of pre-emption as necessary to implement federal labor policy.” Brown, 554 U.S. at 65. As relevant here, when a state attempts to regulate activities protected by section 7 or acts which constitute an unfair labor practice under section 8, “due regard for the federal enactment requires that state jurisdiction must yield,” CF&I Steel, L.P. v. United Steel Workers of Am., 990 P.2d 1124, 1127 (Colo. App. 1999), aff’d, 23 P.3d 1197 (Colo. 2001), and “defer to the exclusive primary competence of the [Board],” San Diego Bldg. Trades Council, Millmen’s Union, Local 2020 v. Garmon, 359 U.S. 236, 245 (1959) (emphasis added); see also U.S. Const. art. VI, cl. 2 (Supremacy Clause). This type of preemption, known as Garmon preemption, forbids states from regulating activity that the NLRA “protects, prohibits, or arguably protects or prohibits.” Brown, 554 U.S. at 65 (citation omitted).[5] To determine whether a state court claim seeks to regulate conduct arguably prohibited by the NLRA and subject to Garmon preemption, we ask “not whether the State is enforcing a law relating specifically to labor relations or one of general application but whether the controversy presented to the state court is identical to . . . or different from” a claim that could have been presented to the Board. Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters, 436 U.S. 180, 197 (1978).
¶ 9        Aside from their argument relating to the property subject to nonexclusive easements discussed in Part III, infra, the unions do not dispute that their activity constituted trespass on Walmart’s property. However, they argue that Walmart’s state claim enjoining their trespass is arguably prohibited by the NLRA because the focuses of the labor charge and the state claim are “substantially identical within the meaning of Sears in that they share at least three substantially identical matters: the same legal theory, same facts and evidence, and same remedy.” We disagree.
¶ 10       In Sears, the Supreme Court considered whether the NLRA preempted a state court claim by an employer seeking to enjoin a labor union from picketing on company property. Id. at 182-83. In its state claim, the employer asserted that the union’s picketing on its property after a request to leave was trespass, but did not assert that the picketing itself (as opposed to its location) violated any state or federal law. Id. at 185. Because the employer did not file a concomitant charge with the Board, the Court developed its own theories to support arguments that the picketing was protected by section 7[6] or prohibited by section 8 of the NLRA. Id. at 185. The Court then compared the state and federal issues and determined as follows:
[T]he federal issue would have been whether the picketing had a recognitional or work-reassignment objective; decision of that issue would have entailed relatively complex factual and legal determinations completely unrelated to the simple question whether a trespass had occurred. Conversely, in the state action, Sears only challenged the location of the picketing; whether the picketing had an objective proscribed by federal law was irrelevant to the state claim. Accordingly, permitting the state court to adjudicate Sears’ trespass claim would create no realistic risk of interference with the Labor Board’s primary jurisdiction to enforce the statutory prohibition against unfair labor practices.
Id. at 198 (footnote omitted). Because the controversies in question were not identical, the Court determined that the state claim was not preempted. See id.; see also Belknap, Inc. v. Hale, 463 U.S. 491, 510 (1983) (In Sears, “the state court and Board controversies could not fairly be called identical.”).
¶ 11      Later, the Court distinguished Sears in Local 926, International Union of Operating Engineers v. Jones, 460 U.S. 669 (1983). In Jones, the question of NLRA preemption concerned a state claim for noncoercive interference with the contractual relationship between an employee and his employer related to the employee’s discharge. Id. at 672-73. The Court determined that the state claim was preempted because “a fundamental part of such a claim is that the Union actually caused the discharge and hence was responsible for the employer’s breach of contract. Of course, this same crucial element must be proved to make out a §8(b)(1)(B) case: the discharge must be shown to be the result of Union influence.” Id. at 682. The Court further explained that the state and federal claims were “the same in a fundamental respect” because they concerned the same issue of causation that is present “at the core” of the unfair labor practice claim. Id. at 682-83. In contrast, the Jones Court explained, federal issues in Sears were “completely unrelated to the simple question whether a trespass had occurred.” Id.
2. Application
¶ 12       Like the Supreme Court in Sears, we conclude that the federal issue in Walmart’s labor charge is unrelated to the trespass issue in Walmart’s state claim and that, therefore, the controversies are not identical. The issue before the Board was whether the unions’ activity coerced Walmart employees in violation of their section 7 rights. See 29 U.S.C. § 158(b)(1)(A). Conversely, the state claim for trespass requires only that the court determine whether the unions had physically intruded on Walmart’s property without permission. Sanderson v. Heath Mesa Homeowners Ass’n, 183 P.3d 679, 682 (Colo. App. 2008) (“The elements of the tort of trespass are a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that property.”).
¶ 13       Further, we are not persuaded by the unions’ argument that claims are identical because they share the same legal theory, same facts and evidence, and same remedy. First, the legal theories are not identical because Walmart’s state claim does not allege that the unions’ conduct in the stores was coercive under the NLRA; rather, it argued that the conduct’s occurrence on Walmart’s property was unauthorized and caused irreparable damage because it was disruptive to employees (by interfering with their ability to perform their jobs) and to store patrons (by interfering with their ability to shop). And although Walmart’s labor charge describes the conduct as “trespassory,” the question whether the unions trespassed under Colorado law on Walmart property is not relevant to the Board’s inquiry into whether those activities coerced Walmart employees. See Sears, 436 U.S. at 185; Garmon, 359 U.S. at 243.
¶ 14       Second, with respect to the unions’ same facts and evidence argument, a state claim and a labor charge are not identical for purposes of Garmon preemption just because they share some overlapping evidence and factual assertions. Indeed, in some cases, the Supreme Court has determined that federal and state claims arising from the same factual scenario are not preempted. See Belknap, 463 U.S. at 510-11 (a claim for misrepresentation made by an employee alleging that he had been promised permanent employment when he replaced a striking worker was not preempted because it was not identical to the labor charge); Farmer v. United Bhd. of Carpenters & Joiners of Am., 430 U.S. 290, 301-02 (1977) (although allegations of tortious conduct might form the basis of an unfair labor practice before the Board, the state claim was not preempted).
¶ 15       Third, we reject the unions’ argument that the claims are identical because they seek the same remedy. Our reasoning here also explains why we reject the unions’ argument that Sears is inapposite to the present case because Walmart objects to both the unions’ conduct and the location of that conduct in its state claim. In its state claim, Walmart sought an injunction against the unions’ activity in Walmart stores and on Walmart’s property; it did not seek to enjoin the union activity off of Walmart property. The state court could not do more under the trespass theory than what it was asked — to enjoin the unions’ trespass on Walmart property — while the Board could prohibit the unions’ coercive activity anywhere. See 29 U.S.C. § 160(a) (“The Board is empowered . . . to prevent any person from engaging in any unfair labor practice.”). Once again, the difference in the crucial elements of these two types of claims drives the outcome, and the state court’s adjudication of Walmart’s trespass claim creates “no realistic risk of interference with the Labor Board’s primary jurisdiction to enforce the statutory prohibition against unfair labor practices.” Sears, 436 U.S. at 198.
¶ 16       Thus, we reject the unions’ claim that Walmart implicitly recognized the Board’s jurisdiction by filing its first claim there. Congress gave the Board jurisdiction over unfair labor practices in 29 U.S.C. § 160(a), not over any matter that is brought before it. And, as explained above, whether a claim is arguably prohibited by the NLRA requires us to undertake the analysis set forth in Sears and succeeding decisions. As the foregoing analysis shows, Walmart’s state trespass claim is not preempted because it is not “identical” to what was and could have been presented to the Board. Jones, 460 U.S. at 681.
3. The Washington Case
¶ 17       Finally, the unions contend that we should follow the Washington Court of Appeals’ decision concerning the same labor charge, Wal-Mart Stores, Inc. v. United Food & Commercial Workers Int’l Union, 354 P.3d 31 (Wash. Ct. App. 2015). There, the court determined that Walmart’s state trespass suit was preempted by the NLRA. Id. at 34. As a preliminary matter, we note that we, of course, are not bound by the decisions of the courts of other states. See People v. Phillips, 2012 COA 176, ¶ 59; Fire Ins. Exch. v. Sullivan, 224 P.3d 348, 363 (Colo. App. 2009). In this instance, we are not persuaded by the Washington court’s analysis concerning Sears. The court reasoned as follows:
Both the [labor charge] and state trespass action challenge union activity in and near Walmart’s stores. Unlike in Sears, the [unions’] conduct is central to Walmart’s trespass theory and claim that Walmart objected to the demonstrating and picketing itself, not just to the location of this conduct but the [unions’] conduct in trespassing by entering Walmart’s stores without an intent to shop. . . . [U]nlike in Sears, Walmart objected to both the picketing and the location of the [unions’] conduct.
354 P.3d at 36.
¶ 18       As discussed above, controversies are not identical merely because they concern the same conduct, if that conduct is objectionable for entirely different reasons under state law and the NLRA. See Belknap, 463 U.S. at 510. In Belknap, the Supreme Court rejected a claim that controversies were identical because the state claim “related to . . . conduct that was part and a parcel of an arguable unfair labor practice” by pointing out that the “focus” of the two determinations concerned different legal questions. Id.
¶ 19       Further, as the Supreme Court often repeats, the rule of preemption is designed to prevent conflict between Congress’ regulatory scheme and state and local regulation and to ensure that implementation of the NLRA remains within the exclusive province of the Board. See Bldg. & Constr. Trades Council of Metro. Dist. v. Associated Builders & Contractors of Massachusetts/Rhode Island, Inc., 507 U.S. 218, 224 (1993); Garmon, 359 U.S. at 247; see also Linn v. United Plant Guard Workers of Am., Local 114, 383 U.S. 53, 60 (1966) (The “relinquishment of state jurisdiction is essential . . . if the danger of state interference with national policy is to be averted.”) (citation omitted).
¶ 20       Here, on the one hand, Walmart’s withdrawn labor charge alleged that the unions’ activities are coercive within the meaning of section 7. On the other hand, Walmart prevailed on its state trespass claim merely by establishing that the unions intentionally entered on its property to engage in non-shopping activity. Walmart does not allege and need not prove in its state claim that that non-shopping activity was related to an unfair labor practice; therefore, the district court did not, and we need not, decide any issues or regulate any conduct within the province of the NLRA, and Congress’s regulatory scheme is not disrupted by the district court’s orders and judgment. See Garmon, 359 U.S. at 247. Thus, the injunction sought by Walmart and entered by the district court does not preclude the unions from engaging in activities they are enjoined from conducting on Walmart premises so long as they do so off of the premises, and such conduct would remain subject to action by the Board.
¶ 21       Accordingly, we conclude that the controversies are not identical, and Sears compels our conclusion that Walmart’s state lawsuit is not preempted. Therefore, the district court possessed subject matter jurisdiction over Walmart’s claim.
III. Permanent Injunction for Trespass
¶ 22       Next, the unions argue that, assuming the district court has subject matter jurisdiction over the unions’ activities, it erred by granting Walmart’s motion for summary judgment and permanently enjoining the unions from trespassing at nineteen Walmart-owned stores that are subject to Walmart’s nonexclusive easements over the property because it applied the incorrect legal standard. We perceive no error.
A. Standard of Review
¶ 23       Summary judgment is proper when the pleadings and supporting documents establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Gibbons v. Ludlow, 2013 CO 49, ¶ 11. We review the district court’s grant of summary judgment de novo. Id.
¶ 24       The same standard does not govern the trial court imposing an injunction as a remedy for the unions’ trespass. “An injunction is an extraordinary and discretionary equitable remedy” that is “intended to prevent future harm.” May Dep’t Store Co. v. State ex rel. Woodard, 863 P.2d 967, 978 (Colo. 1993); Bd. of Cty. Comm’rs v. Vandemoer, 205 P.3d 423, 430 (Colo. App. 2008). Trial courts have broad discretion to formulate the terms of injunctive relief. Colo. Springs Bd. of Realtors, Inc. v. State, 780 P.2d 494, 498 (Colo. 1989); see also United States v. E.I. du Pont de Nemours & Co., 366 U.S. 316, 323 (1961) (“[T]he suit has been a futile exercise if the Government proves a violation but fails to secure a remedy adequate to redress it.”). Accordingly, a trial court’s ruling on a motion for a permanent injunction is reviewed for abuse of discretion. Stulp v. Schuman, 2012 COA 144, ¶ 9. It will not be overturned unless it is manifestly unreasonable, arbitrary, or unfair or based on an erroneous application of the law. Id. But we review the district court’s legal determinations de novo. See Gitlitz v. Bellock, 171 P.3d 1274, 1278 (Colo. App. 2007).
B. Law and Analysis
¶ 25       The unions’ argument here pertains to the part of the injunction prohibiting the unions’ trespass on nineteen Walmart-owned stores, sidewalks, and parking lots that are subject to nonexclusive easements. An easement is an interest in land, and the grantor of a nonexclusive easement “retains the right to use the property in common with the grantee.” Bergen Ditch & Reservoir Co. v. Barnes, 683 P.2d 365, 367 (Colo. App. 1984) (citing Bernard v. Gaumer, 146 Colo. 409, 412, 361 P.2d 778, 780 (1961)).
¶ 26       The unions argue that because the subject properties contain nonexclusive easements, Walmart does not have exclusive possession of them. Thus, they argue, the district court should have required Walmart to show that the union activity “unreasonably interfered” with Walmart’s use and enjoyment of the property in order to enjoin the unions’ trespass.
¶ 27       A plaintiff bringing a suit for trespass must show that he has either actual or constructive possession of the land. Mikes v. Burnett, 2013 COA 97, ¶ 11. Constructive possession is generally established through ownership of title, while actual possession is demonstrated by occupancy or control over the land, but does not require ownership. Id. Once he proves possession, a trespass plaintiff must prove the elements of the tort of trespass, which, as we stated above, are “a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that property.” Hoery v. United States, 64 P.3d 214, 217 (Colo. 2003) (emphasis added). An individual becomes subject to liability for trespass by intentionally entering, or by causing a thing or third person to enter, land possessed by someone else. Pub. Serv. Co. of Colo. v. Van Wyk, 27 P.3d 377, 389 (Colo. 2001). “[L]iability for trespass requires only an intent to do the act that itself constitutes, or inevitably causes, the intrusion.” Sanderson, 183 P.3d at 683 (quoting Burt v. Beautiful Savior Lutheran Church, 809 P.2d 1064, 1067 (Colo. App. 1990)) (emphasis added).
¶ 28       We have not located, and the unions have not cited, any Colorado statute or case law dictating a different standard for owners of land subject to nonexclusive easements or those who lack exclusive possession generally. To the contrary, a “party with title may sue for trespass.” Plotkin v. Club Valencia Condo. Ass’n, 717 P.2d 1027, 1027-28 (Colo. App. 1986) (A landlord-tenant relationship does not foreclose the landlord’s right to bring an action for trespass.). The unions do not dispute that Walmart possesses and has title to the property in question. Thus, to sustain its trespass claim, Walmart needed only prove that the unions entered its property without its permission. It was not required to show that the unions unreasonably interfered with its use and enjoyment of the property.
¶ 29       Accordingly, the court did not abuse its discretion by issuing the injunction.
IV. Conclusion
¶ 30       The judgment is affirmed.
JUDGE TAUBMAN and JUDGE FOX concur.
1 Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, L.P., Sam’s West Inc., and Sam’s PW Inc. are additional named plaintiffs. We refer to them together as Walmart.
2 “A group of people summoned (such as by e-mail or text messages) to a designated location at a specified time to perform an indicated action before dispersing.” Merriam–Webster Unabridged, https://perma.cc/6638-CSH9.
3 Walmart has filed similar motions for injunction and declaratory relief to ban the unions’ trespassing in Walmart stores in other states. See United Food & Commercial Workers Int’l Union v. Wal-Mart Stores, Inc., 430 S.W.3d 508, 510-11 (Tex. App. 2014); Wal-Mart Stores, Inc. v. United Food & Commercial Workers Int’l Union, 354 P.3d 31, 32 (Wash. Ct. App. 2015).
4 “[T]o move into shot in a live video broadcast when [one is] not expected or meant to be there[.]” Macmillan Dictionary, https://perma.cc/BDM3-RYTX.
5 The second form of NLRA preemption, called Machinists preemption, forbids both the Board and the states from regulating conduct that Congress intended to leave unregulated and “controlled by the free play of economic forces.” Chamber of Commerce of United States v. Brown, 554 U.S. 60, 65 (2008) (quoting Lodge 75, Int’l Ass’n of Machinists & Aerospace Workers, AFL-CIO v. Wis. Emp’t Relations Comm’n, 427 U.S. 132, 140 (1976)). This form of preemption is not at issue in this case.
6 Whether an activity is arguably protected by the NLRA requires “somewhat different considerations” than whether it is arguably prohibited. See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters, 436 U.S. 180, 199-200 (1978). Here, the unions do not assert that their trespass or other conduct was protected by the NLRA.